74 So.2d 235

**ROMANO v. THROWER.**

4 Div. 769.

Supreme Court of Alabama.

May 20, 1954.

Rehearing Denied Aug. 30, 1954.

W. Perry Calhoun and J. N. Mullins, Sr., Dothan, for appellee.

J. Hubert Farmer, Dothan, for appellant.

LAWSON, Justice.

C. C. Thrower, on December 4, 1950, instituted proceedings in accordance with the terms and provisions of Sections 56-58, Title 19, Code of 1940, to acquire a right of way over land of Frank Romano.

The Sections just referred to read:

"56. The owner of any tract or body of land, outside the corporate limits of a municipality, no part of which tract or body of land is adjacent or contiguous to any public road or highway, shall have and may acquire a convenient right of way not exceeding in width fifteen feet over the lands intervening and lying between such tract or body of land and the public road nearest or most convenient thereto.

"57. In the establishment and condemnation of such right of way, no road or right of way shall be established through any person's yard, gar-

den, orchard, stable lot, stable, gin house or curtilage, without the consent of the owner; and the applicant must pay the owner for the value of the land taken and compensation for damage to the land through which said right of way is established, resulting from the establishment of such road or right of way.

"58. The right hereby conferred shall be exercised by application to the probate court of the county in which the lands over which such right of way is desired, or a material portion thereof are situated, and the same proceedings shall be had as in cases of condemnation of lands for public uses as provided by chapter 1 of this title."

Relief was denied Thrower in the probate court and he appealed to the circuit court of Houston County, where the verdict and judgment was for Romano. Thrower, duly filed his motion to set aside the verdict and judgment and to grant him a new trial. The trial court set aside the judgment and granted a new trial to Thrower. From that judgment Romano appealed to this court. We affirmed, Romano v. Thrower, 258 Ala. 416, 63 So.2d 369.

Thereafter the cause came on for a new trial in the circuit court of Houston County. The jury returned a verdict in favor of the petitioner Thrower and fixed the amount to be paid by him to Romano for the 15 foot right of way across the latter's land at the sum of $225. Judgment was in accord with the verdict. Romano's motion for a new trial having been denied, he has appealed to this court.

It is without dispute in the evidence that C. C. Thrower is the owner of a three acre tract of land in Houston County, situated outside the corporate limits of a municipality. It is without dispute that no part of the said three acre tract or body of land is adjacent or contiguous to any public road or highway.

Thrower's land is bounded on the West by land owned by one Kenneth Brown, and on the North by land owned by Lint Morgan. Thrower's land is bounded on the East by land owned by the defendant, Frank Romano. The lands of Thrower and Romano are bounded on the South by lands owned by one Paul Hayes.

The nearest public road or highway to Thrower's land is referred to in the evidence as the Hodgesville highway or road. For our present purpose, it may be said that the Hodgesville road runs North and South. But Romano's land, which is bounded on the East by the said Hodgesville road, lies between Thrower's land and the highway. From Thrower's land across the southernmost part of Romano's land to the Hodgesville highway is a distance of approximately 691 feet. The right of way across Romano's land which Thrower sought, and which has been awarded, is the southernmost fifteen feet of Romano's land for a distance of 691 feet. The defendant Romano on cross-examination admitted that the "proposed right of way is the nearest way from the Thrower's land to the nearest highway."

It was conceded that the right of way would not go through Romano's stable lot, stable or gin house.

But in his answer to the petition filed by Thrower, Romano averred in part as follows: "And for further answer to said petition this Defendant says that the proposed right of way, so sought by the Plaintiff would be established through this Defendant's garden or orchard, and to which he does not consent."

It was established without dispute in the evidence that the proposed right of way would not go through an orchard, and it was also conceded that at the time the petition was filed the proposed right of way would not go through the defendant's yard.

■ At the time the petition was filed Romano was using his land primarily as a truck farm. Some of the vegetables which he raised were consumed at his table, but in the main his operation was for commercial purposes. Romano and his wife both testified that at the time Thrower's

petition was filed, the strip of land here involved was being used to raise vegetables. But such evidence, in our opinion, would not justify a finding that the said strip of land was a part of a "garden" as that word is used in Section 57, Title 19, Code of 1940. The strip of land was but a part of a large field where vegetables were grown as a money crop. But, in any event, there was evidence which would amply support a finding that the said strip of land was not in cultivation at all at the time the petition was filed. According to the petitioner's evidence the only growth on the proposed right of way at the time the petition was filed were "bushes and honeysuckle vines and briars."

■ Under the evidence, as we understand it, the jury was amply justified in finding that under the provisions of Sections 56–58, Title 19, Code of 1940, Thrower was entitled to a right of way across the land of Romano in accordance with the prayer of his petition. The trial court did not err in overruling the grounds of the motion for a new trial which took the point, in effect, that the verdict and judgment were contrary to the great weight of the evidence. This disposes of the last assignment of error.

■ As heretofore shown, Paul Hayes owned the land situated immediately south of that owned by Thrower and Romano— Hayes' land adjoined the Hodgesville highway. Romano made repeated efforts to show that Thrower could get to the Hodgesville highway across Hayes' land; that such a way would not be more than fifteen feet longer than one over Romano's land; that Hayes' land was not in cultivation as was Romano's and hence, a right of way over Hayes' land would not work as much of an inconvenience and damage to him as would result to Romano if a right of way be established over the latter's land. The trial court refused to permit Romano to make such proof and such actions of the trial court are made the basis of assignments of error 8, 9, 10, 13, 14, 15 and 16. We think the trial court acted correctly. As between Thrower and Romano, the former did not

have the right to arbitrarily select a route over Romano's land which he considered to be the most convenient to him. The physical "convenience" of both landowners was a material consideration. In Harvey v. Warren, 212 Ala. 415, 102 So. 899, 901, it was said: "The triers of the facts had the right to consider all the physical facts of both properties as to the proper location of the right of way and the damage resulting to defendant by reason thereof." But a defendant in a case of this kind cannot avoid the effect of Sections 56–58, Title 19, supra, by showing that a way across the land of another, not a party to the litigation, though longer, would result in less inconvenience and damage to such other than would result to the defendant, if the way be established over the defendant's land. In our opinion, the evidence offered by the defendant, here under consideration, was immaterial to the issues, and objections thereto were properly sustained.

■ Under the issues in this case the trial court did not err in refusing to give, at the request of the defendant, a written charge, the refusal of which is made the basis of assignment of error No. 1.

The charge unnumbered reads: "The court charges the jury that under the evidence in this case, if you believe it, then as a matter of law, the adjoining lands of Hayes intervene between Thrower's land and the Hodgesville road." As shown above, the undisputed testimony showed that Romano's land intervened between Thrower's land and the Hodgesville road. The fact that other lands also intervened was entirely beyond the issues in this case.

■ Assignments of error 3, 4 and 5 all relate to the trial courts action in refusing to permit the defendant to introduce evidence tending to show that the proposed right of way would go through the yard of an apartment building which the defendant had constructed on his property subsequent to the time the petition was filed by Thrower in December, 1950. This evidence was, in our opinion, properly excluded. It was not admissible for the purpose of pre-

venting the establishment of the way. A defendant in a case of this kind cannot escape the provisions of Sections 56–58, Title 19, supra, by making alterations on, or improvements to, his property subsequent to the filing of the petition.

■ It is argued here that such evidence was admissible as bearing on the value of the land taken. Conceding, without deciding, that the offered evidence might be admissible for that purpose, we would be unwilling to reverse the trial court for sustaining objections to the offered evidence for the record shows clearly that the trial court was in no wise appraised that it was offered for that purpose, but on the other hand the record shows that it was offered for the purpose of barring a recovery by the petitioner. No question was raised in the trial court, on motion for a new trial, as to the inadequacy of the sum awarded to the defendant for the strip of property condemned. In fact, as we read the record, the defendant did not offer any evidence going to show the value of the strip of land sought to be condemned. The defendant on the trial below was concerned with only one thought, and that was preventing Thrower from obtaining the right of way.

Assignments of error 6, 7, 11 and 12, raise questions similar to those raised by assignments 3, 4 and 5, and are equally without merit.

■ Assignment of error 2 is not argued in brief and has not been considered. Calvert v. Bynum, 255 Ala. 172, 50 So.2d 731; Miller v. Faust, 250 Ala. 545, 35 So.2d 162; Allison v. Owens, 248 Ala. 412, 27 So.2d 785.

Upon consideration of the argued assignments of error, we find no error to reverse, and the judgment will accordingly be here affirmed.

Affirmed.

LIVINGSTON, C. J., and STAKELY and MERRILL, JJ., concur.