William E. DeWitt appeals from a judgment denying his petition for condemnation of a right-of-way across the property of Julian Ray Stevens and Barbara Stevens. DeWitt argues that the trial court erred in admitting evidence of other potential access to DeWitt's property, in applying the law to the facts, and in its findings of fact.
DeWitt initially filed an action in the circuit court seeking to have an easement established across the Stevenses' property, but the court denied that request. He then initiated this action by petitioning the probate court for a right-of-way. DeWitt argued that his property was landlocked and that he had no means of ingress and egress because the Stevenses' land was between his land and the nearest public road, Highway 231.
The probate court refused to condemn the property and held, after viewing the properties, including the immediate area and the area DeWitt sought to condemn as a right-of-way, that there were nearer and more convenient ways for DeWitt to get to his property. DeWitt appealed to the circuit court and that court also, after receiving ore tenus evidence, denied DeWitt's application for condemnation of the right-of-way.
Under the ore tenus rule, the trial court's decision, "where supported by the evidence, is presumed correct and should be reversed only if the judgment is found to be plainly and palpably wrong, after a consideration of all of the evidence and after making all inferences that can logically be drawn from the evidence." Martin v. First Federal Savings LoanAss'n of Andalusia, 559 So.2d 1075, 1078 (Ala. 1990). Although there is a presumption in favor of the findings of fact of the trial court where the testimony is presented ore tenus, such a presumption does not apply where the trial court has incorrectly applied the law to those facts. Collier v. Brown,285 Ala. 40, 228 So.2d 800 (1969).
In the present case the trial court made the following findings of fact: The Stevenses own property that lies between DeWitt's property and Highway 231, a public roadway. Dewitt's land is landlocked, because there is no existing public road, easement, or right-of-way for ingress to and egress from his property. The Stevenses' property does not touch Highway 231, but *Page 851 
a private drive or roadway leads from Highway 231 to the Stevenses' property. The Stevenses use this drive as an access to and from their property, and it continues all the way through their property to DeWitt's property. DeWitt had previously used this drive to get to his property, but, after a dispute between the parties, the Stevenses would no longer allow DeWitt to use the drive. The Stevenses also own a 100-foot-wide strip of land that connects their property to Highway 231, but the driveway described above is not on that strip of land. The driveway has been maintained and improved by the Stevenses over the years at their personal expense. It passes within 40 to 50 feet of their personal residence.
The trial court further found that using the driveway to get to his property was not DeWitt's closest route from Highway 231. The distance from Highway 231 along the driveway to DeWitt's property is 2,730 feet. DeWitt owns an easement across the first 1,130 feet of this distance, from Highway 231 to the beginning of the Stevenses' property. This portion of the driveway crosses property owned by St. Clair County. Therefore, the distance sought to be condemned across the Stevenses' property is 1,600 feet.
The court noted that two alternatives to the route along the Stevenses' driveway were available to DeWitt for access to his property. These alternative routes included: 1) from DeWitt's property across land owned by St. Clair County, and continuing across an additional 80- to 100-foot strip of land belonging to a landowner, not a party to this action, to Highway 231, for a total distance of 1,400 feet; or 2) from DeWitt's property, along the south boundary of the Stevenses' property, and continuing to Highway 231 along the 100-foot-wide strip owned by the Stevenses. This second route would not require DeWitt to use the private drive; however, any roadway across either of these routes would have to be built by DeWitt. The trial court did not determine the distance of the route using the 100-foot strip of land owned by the Stevenses, but it appears on the map to be shorter than the route along the Stevenses' driveway.
The trial court held that although the Stevenses' driveway is a convenient route for DeWitt, it is not the shortest route to a public road and would cause substantial inconvenience to the Stevenses. Specifically, the driveway passes within 40 to 50 feet of the Stevenses' house; the Stevenses raise cattle, and public access along the driveway would make it difficult to move the cattle from the field to the barn; the Stevenses are in the towing and salvage business, and public access to the driveway would create security problems with regard to the stored vehicles, as well as to their house. The Stevenses testified that they had had problems with burglaries and that those problems had prompted them to erect a gate at the entrance to their property; this gate, according to the Stevenses, eliminated the problem of persons stealing the cars.
DeWitt raises three issues in this appeal: 1) Whether the trial court committed reversible error by admitting at trial evidence showing that a way across the land of another, not a party to the litigation, would result in less inconvenience and damage to the nonparty than would result to the Stevenses if their property was condemned; 2) Whether the trial court missapplied the law to the facts of this case; and 3) Whether the judgment of the trial court, refusing to grant the right-of-way, was supported by the evidence.
Section 18-3-1, Ala. Code 1975, provides relief for a landowner who has no access to a public road from his land because the land is enclosed on all sides by the land of others. Section 18-3-1 provides:
 "The owner of any tract or body of land, no part of which tract or body of land is adjacent or contiguous to any public road or highway, shall have and may acquire a convenient right-of-way, not exceeding in width 30 feet, over the lands intervening and lying between such tract or body of land and the public road nearest or most convenient thereto provided written approval is obtained from *Page 852 
the municipal government and the planning board of such municipality."
With regard to DeWitt's first argument, he cites this court to Romano v. Thrower, 261 Ala. 361, 74 So.2d 235 (1954), for the proposition that it is no defense to § 18-3-1 that there exists a way across the land of another, not a party to the litigation, that would result in less inconvenience and damage to the nonparty than would result to the defendant if the way were established over the defendant's land. Prior to trial, DeWitt had filed a motion to preclude the evidence of an alternative route across the land of a landowner not a party to this action. The trial court admitted the evidence.
The trial court held that Romano was not applicable to the present case because in Romano the defendants admitted that the proposed right-of-way was the shortest way from Thrower's land to the nearest public road and the evidence sought to be introduced showed a way across the land of another person, not a party to the litigation, that was longer than the right-of-way Thrower was seeking to condemn.
In the present case, the alternative route that the trial court spoke of across the land of a person not a party to the litigation was shorter, not longer, than the right-of-way across the Stevenses' private drive. Furthermore, the trial court also noted another route that did not involve the land of a landowner who was not a party to the action. This route involved land that was owned by the Stevenses, and the Stevenses testified that they had no objection to DeWitt's using this portion of their property.
The Romano court also held that a person seeking to condemn a right-of-way over the land of another does not have the right to arbitrarily select a route that that person considers to be the most convenient. Romano, 261 Ala. at 365, 74 So.2d at 238. The Court quoted Harvey v. Warren, 212 Ala. 415, 417,102 So. 899, 901 (1925), for the proposition that " '[t]he triers of the facts [have] the right to consider all the physical facts of both properties as to the proper location of the right-of-way and the damage resulting to defendant by reason thereof.' " 261 Ala. at 365, 74 So.2d at 239-39.
The probate judge physically examined the properties involved and the surrounding areas and denied the proposed right-of-way. The circuit judge also examined the property, heard ore tenus
evidence, and denied the requested right-of-way. Under the circumstances, this Court will afford great weight to the trial court's conclusion that the route chosen by DeWitt was not the most convenient to both parties. See Tenison v. Forehand,281 Ala. 379, 202 So.2d 740 (1967).
DeWitt also argues that the trial court missapplied the law to the facts of this case, saying that the court failed to consider the convenience or inconvenience that would result to DeWitt if the right-of-way across the Stevenses' property was denied. DeWitt specifically argues that the trial court failed to take into account the expense and physical obstructions that would result if he had to construct a road across the alternative route to his property. He also argues that there was no evidence to show that allowing him the right-of-way would cause inconvenience to the Stevenses.
This court has held that the physical convenience of both landowners is a material consideration in determining whether to condemn a right-of-way over a person's property. See Romano,supra. DeWitt's contention that no evidence showed that any inconvenience would result to the Stevenses if the right-of-way was granted is without merit. The trial court in its findings of fact listed several factors that it took into account in determining the convenience or inconvenience that the requested right-of-way would cause the Stevenses. These have been set out above and we find it unnecessary to discuss them any further. In Southern Ry. v. Hall, 267 Ala. 143, 100 So.2d 722 (1957), the Court held:
 "The statute [§ 18-3-1] does not contemplate granting one citizen or corporation a right-of-way through the property of another citizen or corporation as a matter of mere convenience or as a mere *Page 853 
matter of saving expense. There must be real necessity before private property can be invaded by a citizen for private purposes, if that can be done at all."
267 Ala. at 147, 100 So.2d at 725, quoting Roberts v.Prassenos, 219 Miss. 486, 69 So.2d 215 (1954). See also Otto v.Gillespie, 572 So.2d 495 (Ala.Civ.App. 1990).
Finally, DeWitt argues that the judgment of the trial court was not supported by the evidence. We disagree. Both the probate court and the circuit court had ample evidence to support a finding that the right-of-way sought was not the most convenient route or the shortest route to DeWitt's property. Also, both of those courts had the advantage of physically examining the locations.
We can not conclude that the trial court's findings and conclusions were plainly and palpably wrong when it determined that the right-of-way DeWitt sought to condemn across the Stevenses' property should be denied. The trial court determined that the route chosen by DeWitt was convenient for him, but that it was not the most convenient, considering both parties, and was not the shortest route to a public road.
We find ample evidence to support the judgment denying DeWitt to a right-of-way across the Stevenses' private drive. Therefore, the judgment is affirmed.
AFFIRMED.
HORNSBY, C.J., and ADAMS, STEAGALL and INGRAM, JJ., concur.