THIGPEN, Judge.
This is a breach of contract ease.
In June 1993, Old Republic Surety (Surety) filed a complaint against John H. James, seeking to recover monies it claimed were due pursuant to a bond application and an indemnity agreement (agreement) executed by James in May 1986, in order to be bonded for his guardianship of two estates. James answered, denying the allegations and contending that jurisdiction was improper in Alabama, and that the complaint was time-barred. Ultimately, after ore tenus proceedings, the trial court entered a judgment in March 1995, in favor of Surety for $38,810.49, plus costs. James appealed, pro se, to our Supreme Court, which transferred James’s appeal to this court pursuant to Ala.Code 1975, § 12-3-10, because the judgment was within this court’s appellate jurisdiction.
Pursuant to the agreement executed by James, he agreed as follows:
“(1) To pay [Surety] the premium as long as liability shall continue under the bond and until evidence of termination of liability is furnished satisfactory to [Surety].
“(2) To indemnify [Surety] and hold it harmless against all loss, liability, costs, claim damages, and expense, internal or external of whatever kind and nature....
“(3) If requested, to place [Surety] in funds immediately to meet any claim or demand before [Surety] shall be required to make payment.
[[Image here]]
“(7) To authorize [Surety] to adjust, settle or compromise any claim, demand, suit or judgment upon said bond(s) and defend such suit and appeal such judgment or at its election to have the case, cross-action or proceeding, or any part of it or them dismissed or any appeal, writ or error, certio-rari or any part thereto dismissed.”
In its order, the trial court made the following findings of fact:
“Based on the evidence presented at trial, the Court finds that [James] on May 21, 1986 executed an [Agreement] in favor of [Surety] in order to be bonded for the Estate of Eddie Chatman and the Estate of Secóla Johnson, Jr. Said agreement, entered into evidence at trial, stated that John James agreed to indemnify [Surety] and hold it harmless against all loss, liability, costs, claim damages, and expense *617 which [Surety] may incur for or by reason of [Surety] writing such bonds. Also, [James] agreed to pay the fee and disbursement of counsel which [Surety] might incur for and by reason of [James’s] writing such bonds.
“The Court finds that [James] was removed as personal representative of the Estate of Eddie Chatman by Order of the Probate Court of Harris County, Texas on December 1, 1988. It is also found that pursuant to said Order that the fees of the Successor Guardian and attorney were taxed and costs charged against the former Guardian, John James, and the surety on his bond.
“The Court finds that [James] was removed as personal representative of the Estate of Secóla Johnson, Jr., by Order of the Probate Court of Harris County, Texas on January 12, 1989. Pursuant to said Order, the fees of the Successor Guardian and attorney fees were taxed and costs charged against the former guardian, John James, and the surety on his bond.
“Based upon the evidence presented and no evidence to the contrary, the Court finds that [Surety] paid amounts under said bonds.”
The presumption of correctness that attaches to a trial court’s decision entered after it has heard ore tenus testimony does not apply to rulings on questions of law. DeWitt v. Stevens, 598 So.2d 849 (Ala.1992).
James first contends that jurisdiction is not proper in Alabama. He argues that all transactions occurred outside of Alabama, and that Alabama lacked the requisite “minimum contacts” required for it to obtain jurisdiction. The record, however, clearly indicates that James maintained a residence in Alabama, that he was employed in Alabama, and that he accepted personal service of process in Alabama. “Service within this state ... shall be deemed to confer in personam jurisdiction.” Rule 4.1(a), A.R.Civ.P.; see also Jennings v. Jennings, 647 So.2d 777 (Ala.Civ.App.1994). Moreover, the United States Supreme Court has stated that “[a]mong the most firmly established principles of personal jurisdiction in American tradition is that the courts of a State have jurisdiction over nonresidents who are physically present in the State.” Burnham v. Superior Court of California, 495 U.S. 604, 610, 110 S.Ct. 2105, 2110, 109 L.Ed.2d 631 (1990). Clearly, here, jurisdiction was proper in Alabama.
James also contends that the trial court erred by failing to dismiss the action on the basis that the Texas four-year statute of limitations had expired. Our Supreme Court has stated:
“ ‘Where the statute of limitations [is procedural, and] goes only to the remedy, it seems to be the settled rule here that the lex fori, and not the lex loci, governs.’
“‘The distinction between “substance” and “procedure” has medieval origins: a court will apply foreign law only to the extent that it deals with the substance of the case, i.e., affects the outcome of the litigation, but will rely on [the] forum law to deal with the “procedural” aspects of the litigation. ’ ... ‘By legal tradition, most statutes of limitation are deemed procedural rather than substantive.’ ”
Etheredge v. Genie Industries, Inc., 632 So.2d 1324, 1326 (Ala.1994). (Citations omitted.) (Emphasis added.) Moreover, that Court further stated that “we will apply another state’s statute of limitations only when it is demonstrated that ‘the limitation is so inextricably bound up in the statute creating the right that it is deemed a portion of the substantive right itself.’” Etheredge, 632 So.2d at 1327. (Citations omitted.) (Emphasis added.)
In distinguishing whether a statute is one of “limitation” or one of “creation,” our Supreme Court determined that a statute of limitation is one by which the limitation affects only the remedy and does not constitute part of the substantive right. In affecting the remedy, “the statute establishes the time frame in which a party may seek to enforce his claim.” Cofer v. Ensor, 473 So.2d 984, 987 (Ala.1985). (Citation omitted.) The Texas statute cited by James is merely a procedural law; therefore, the trial court properly held that the Alabama six-year statute of limitations is applicable to this case. See Ala.Code 1975, § 6-2-34(9).
*618 James next contends, without citing authority, that the trial court erred by allowing a witness who has not been named on Surety’s witness list to testify, and that it erred by admitting certain documents into evidence. This court will not consider on appeal issues that are not properly presented and argued in brief. Rule 28, A.R.App.P.; Mullins v. Mullins, 416 So.2d 1063 (Ala.Civ.App.1982).
Last, James contends that the trial court abused its discretion in its award of attorney fees. James argues that the award was excessive because the trial lasted less than two hours, that he had only one witness to testify, and that the entire record of the testimony is only 85 pages long. The amount of attorney fees awarded is within the sound discretion of the trial court and will be reversed on appeal only for an abuse of that discretion. Butts v. Startley, 600 So.2d 310 (Ala.Civ.App.1992). James has simply failed to demonstrate error.
For the foregoing reasons, the judgment of the trial court is due to be, and it is hereby, affirmed.
AFFIRMED.
ROBERTSON, P.J., and YATES, MONROE, and CRAWLEY, JJ., concur.