ROBERTSON, Presiding Judge.
On January 25,1994, Joe E. Wright filed a petition in the Montgomery County Probate Court, seeking to condemn a private right-of-way across the property of Eldon Tallant. Wright alleged that Tallant’s property was located between his property and the nearest public road and that his property was therefore landlocked.
Following an ore tenus proceeding, the probate court entered a judgment on June 10, 1994, denying Wright’s petition. On July 1,1994, Wright appealed the judgment of the probate court to the Montgomery County Circuit Court.
The circuit court heard the evidence in an ore tenus proceeding on January 3,1995, and entered a judgment on February 27, 1995, stating, in pertinent part:
*263 “[T]hat the road known as Tallant Road is not a public way south of the point where the paved portion of said road ends; that the public road nearest or most convenient to the tract of land as to which [Wright] seeks a right-of-way is the road known as Robert C. Ham Road; that the way sought to be condemned by [Wright] would run through an orchard of [Tallant]; that [Tal-lant] does not consent to the acquisition by [Wright] of a right-of-way through said orchard; that due consideration of the convenience of both parties requires a finding that the most convenient way across [Tal-lant’s] property from Robert C. Ham Road to [Wright’s] property is along the western boundary of [Tallant’s] property; and that the reasonable value of the property to be so used by [Wright] is $1,500.00 per acre.
It is, therefore,
“ORDERED, ADJUDGED and DECREED by the Court as follows:
“(1) That [Wright’s] prayer for the right-of-way across the properly of [Tal-lant] is hereby denied.
“(2) That [Wright] is hereby granted a right-of-way across the property of [Tal-lant] immediately adjacent to the western boundary line of the East Half of the Southeast Quarter of the Southwest Quarter of Section 15, Township 15N, Range 16E, Montgomery County, Alabama. The width of said right-of-way shall be thirty (30) feet.
“(3) As compensation for said right-of-way, [Wright] shall pay to [Tallant] the sum of One Thousand five hundred dollars ($1,500.00) per acre. Said sum shall be calculated by multiplying the width by the length of said right-of-way and by multiplying the result thereof in acres by $1,500.00....”
On March 29, 1995, Wright filed a motion to alter, amend, or vacate the February 27, 1995, judgment. Wright’s motion was denied by operation of law.
Wright appeals, pro se, raising the following issues: (1) whether the trial court erred in determining the Robert C. Ham Road to be the nearest public road; (2) whether the trial court erred in determining that Tallant Road was not a public road south of the point where the paved portion ends; (3) whether the trial court erred in determining that Tal-lant’s “pine plantation” was an “orchard” and thus exempt from condemnation; (4) whether the right-of-way granted by the trial court is economically and physically not feasible and effectively denies him reasonably adequate access to his property; (5) whether the trial court erred in determining that the reasonable value of Tallant’s property was $1,500 per acre; and (6) whether the right-of-way granted by the trial court is the nearest or most convenient right-of-way to his property.
This court will not disturb a lower court’s findings on ore tenus evidence unless they are palpably wrong, without supporting evidence, or manifestly unjust. Otto v. Gillespie, 572 So.2d 495 (Ala.Civ.App.1990). In a condemnation case, the conclusion of the trial court, as the trier of fact, is entitled to great weight. Id. Although there is a presumption in favor of a trial court’s findings of fact where the evidence was presented ore tenus, such a presumption does not apply where the trial court has misapplied the law to those facts. DeWitt v. Stevens, 598 So.2d 849 (Ala.1992).
Section 18-3-1, Ala.Code 1975, provides relief for a property owner whose property is enclosed on all sides by the property of others. Section 18-3-1 provides:
“The owner of any tract or body of land, no part of which tract or body of land is adjacent or contiguous to any public road or highway, shall have and may acquire a convenient right-of-way, not exceeding in width 30 feet, over the lands intervening and lying between such tract or body of land and the public road nearest or most convenient thereto provided written approval is obtained from the municipal government and the planning board of such municipality.”
Wright’s property lies south of U.S. Highway 80 in Montgomery County along Pintlala Creek, and is bordered on the north by property owned by Tallant. Neither Wright nor Tallant’s property borders Highway 80. However, Tallant Road is located on Tallant’s property and intersects the Robert C. Ham Road. Robert C. Ham Road intersects with *264 Highway 80 and runs in a southerly direction from Highway 80. In 1986 the Montgomery County Circuit Court declared Robert C. Ham Road to be a public road from Highway 80 to a point “just south of the turnout of [Robert Bailey].” Robert Bailey’s property is located along the western border of Tal-lant’s property and lies between Robert C. Ham Road and Tallant Road. Robert C. Ham Road continues past Bailey’s property, through the property of others, and touches the western border of Tallant’s property. The record reveals that the portion of Robert C. Ham Road between Bailey’s property and Tallant’s property is a private road.
Montgomery County paves and maintains Tallant Road from the Robert C. Ham Road to the driveway of Tallant. Tallant Road continues as a dirt road in a southerly direction approximately a quarter of a mile past Tallant’s house to a rental house owned by Tallant. The Pintlala Water System installed water lines in and along Tallant Road down to Tallant’s rental house, based on the assumption that Tallant Road was a public road or that an easement existed. Tallant was not billed for the installation of the water lines. Additionally, Tallant was not assessed property taxes on Tallant Road from 1978 until April 8, 1993, when he requested that the Montgomery County tax assessor’s office assess him taxes on the road.
Wright requested a right-of-way south from the end of the unpaved section of Tal-lant Road to the northeastern comer of his property. Tallant has planted pine trees in the area where Wright sought a right-of-way. At some time in the future, Tallant plans to sell the pine trees for timber.
Tallant objected to any right-of-way across his property. He also requested that if the trial court did grant Wright a right-of-way that it be located along the western edge of Tallant’s property, so that Wright would use the Robert C. Ham Road as access to Highway 80. The right-of-way suggested by Tal-lant and adopted by the trial court requires Wright to construct a road through swampy land and to build two to four bridges.
With regard to his first, fifth, and sixth issues, Wright fails to cite any authority to support his arguments. Rule 28(a)(5), Ala. R.App.P., provides that “[t]he argument shall contain the contentions of the appellant with respect to the issues presented, and the reasons therefor, with citations to the authorities, statutes and parts of the record relied on.” See also McLemore v. Fleming, 604 So.2d 353 (Ala.1992). Therefore, we do not address Wright’s first, fifth, and sixth issues. Daniel v. Trade Winds Travel, Inc., 532 So.2d 653 (Ala.Civ.App.1988).
With regard to Wright’s contention regarding the second issue, Wright cites as authority a general proposition of law regarding a defendant’s alteration of his property after a petition for condemnation has been filed. It is well established that general propositions are not considered supporting authority. Ex parte Riley, 464 So.2d 92 (Ala.1985). Wright’s failure to cite supporting authority for his second issue leaves this court with no alternative but to affirm the trial court’s finding that only part of Tallant Road is a public road. Rule 28(a)(5), Ala. R.App.P.; Pierce v. Helka, 634 So.2d 1031 (Ala.Civ.App.1994).
We next address whether the trial court erred in determining that Tallant’s pine plantation was an orchard and thus, pursuant to § 18-3-2, Ala.Code 1975, exempt from condemnation. Section 18-3-2 provides that certain areas of land are exempt from condemnation. Section 18-3-2 specifically provides, in pertinent part:
“In the establishment and condemnation of such right-of-way, no road or right-of-way shall be established through any person’s yard, garden, orchard, stable lot, stable, gin house or curtilage without the consent of the owner....”
Wright, citing Romano v. Thrower, 261 Ala. 361, 74 So.2d 235 (1954), argues that Tallant’s pine plantation is not an orchard and is not exempt from condemnation, because, he says, an orchard is a group of fruit or nut trees and because Tallant’s pine trees are grown as a money crop. In Romano, our supreme court held that a strip of land used to grow vegetables as a money crop is not a “garden” within the meaning of Title 19, *265 § 57, Ala.Code 1940, the predecessor of § 18-3-2.
Section 18-3-2 does not define the word “orchard.” A well established rule of statutory construction requires a court to ascertain and give effect to the intent of the legislature in enacting the statute. IMED Corp. v. Systems Engineering Assocs. Corp., 602 So.2d 344 (Ala.1992). “Words used in a statute must be given their natural, plain, ordinary, and commonly understood meaning, and where plain language is used a court is bound to interpret that language to mean exactly what it says.” Id. at 346. An orchard is “a planting of fruit trees, nut trees, or sugar maples” and “trees of such planting.” Merriam-Webster’s Collegiate Dictionary 818 (10th ed. 1993).
Although pine trees do produce nuts, it is evident from Tallant’s testimony that the pine trees were grown for timber and not for the production of pine nuts. The pine trees do not qualify as “nut trees,” and the area planted in pines is not an orchard. Consequently, the trial court erred in holding that Wright could not acquire his proposed right-of-way through the pine plantation. Because we remand this cause to the trial court to consider Wright’s petition for a right-of-way with possible access through the pine plantation, we do not address whether the right-of-way granted by the trial court is economically and physically feasible or whether it effectively denies Wright reasonably adequate access to his property.
We reverse the judgment of the trial court and remand this cause for the entry of a judgment granting Wright a right-of-way across Tallant’s property “to the public road nearest or most convenient” to Wright’s property, without considering Tallant’s pine plantation to be an orchard.
REVERSED AND REMANDED WITH INSTRUCTIONS.
THIGPEN and MONROE, JJ., concur.