The issue in this case, apparently one of first impression in Alabama, is whether a defendant who unsuccessfully moves the trial court for sanctions against a plaintiff pursuant to §12-19-270 et seq., Ala. Code 1975 — the Alabama Litigation Accountability Act ("ALAA") — is thereafter barred by the doctrine of res judicata from asserting a separate cause of action for a claim of malicious prosecution against that same plaintiff.
In a previous case, James Pace and Eunice Pace sued Plus International, Inc., and others, in connection with a contract between *Page 161 
the parties involving a discount buying club. During the course of those proceedings, Plus moved for attorney fees and costs pursuant to the ALAA; the court denied the motion. The court eventually entered a summary judgment in favor of Plus on all counts. The Paces appealed; our supreme court dismissed the appeal because it was untimely filed.
In this present action, Plus sued the Paces, alleging malicious prosecution. The allegation stemmed from the previous case. On January 22, 1996, the court dismissed Plus's complaint on the grounds of res judicata. Plus appeals. We agree that the court erred in dismissing Plus's malicious prosecution complaint. We do not think that a party who moves for sanctions pursuant to the ALAA waives its right to later sue for malicious prosecution.
Because we apply the standard of review applicable to the trial court's dismissal of the case based on its legal conclusion that the doctrine of res judicata barred Plus's malicious prosecution claim, the court's decision is not afforded a presumption of correctness. "The presumption of correctness that attaches to a trial court's decision entered after it has heard ore tenus testimony does not apply to rulings on questions of law." James v. Old Republic Surety,674 So.2d 615, 617 (Ala.Civ.App. 1996), quoting DeWitt v. Stevens,598 So.2d 849 (Ala. 1992). Further, if the plaintiff presented a claim upon which relief could be granted, the court's dismissal was error.
 "The standard of review applicable to motions to dismiss is well settled:
 " 'It is a well-established principle of law in this state that a complaint, like all other pleadings, should be liberally construed, Rule 8(f), Ala. R. Civ. P., and that a dismissal for failure to state a claim is properly granted only when it appears beyond a doubt that the plaintiff can prove no set of facts entitling him to relief. Winn-Dixie Montgomery, Inc. v. Henderson, 371 So.2d 899 (Ala. 1979). Stated another way, if under a provable set of facts, upon any cognizable theory of law, a complaint states a claim upon which relief could be granted, the complaint should not be dismissed. Childs v. Mississippi Valley Title Insurance Co., 359 So.2d 1146 (Ala. 1978).
 " 'Where a [Rule] 12(b)(6) motion has been granted and this Court is called upon to review the dismissal of the complaint, we must examine the allegations contained therein and construe them so as to resolve all doubts concerning the sufficiency of the complaint in favor of the plaintiff. First National Bank v. Gilbert Imported Hardwoods, Inc., 398 So.2d 258
(Ala. 1981). In so doing, this Court does not consider whether the plaintiff will ultimately prevail, only whether he has stated a claim under which he may possibly prevail. Karagan v. City of Mobile, 420 So.2d 57 (Ala. 1982).' "
Seals v. City of Columbia, 575 So.2d 1061, 1063 (Ala. 1991), quoting Fontenot v. Bramlett, 470 So.2d 669, 671 (Ala. 1985) (emphasis in original).
The trial court dismissed Plus's malicious prosecution complaint on the ground of res judicata.
 "The elements of res judicata, or claim preclusion, are (1) a prior judgment on the merits, (2) rendered by a court of competent jurisdiction, (3) with substantial identity of the parties, and (4) with the same cause of action presented in both suits. Hughes v. Allenstein, 514 So.2d 858, 860
(Ala. 1987). If those four elements are present, any claim that was or could have been adjudicated in the prior action is barred from further litigation."
Dairyland Ins. Co. v. Jackson, 566 So.2d 723, 725 (Ala. 1990) (emphasis in original).
The ALAA provides, in pertinent part:
 "(a) . . . [I]n any civil action commenced or appealed in any court of record in this state, the court shall award, as part of its judgment and in addition to any other costs otherwise assessed, reasonable attorneys' fees and costs against any attorney or party, or both, who has brought a civil action, or asserted a claim therein, or interposed a defense, that a court determines to be without substantial justification. . . . *Page 162 
". . . .
 "(c) The court shall assess attorneys' fees and costs against any party or attorney if the court, upon the motion of any party or on its own motion, finds that an attorney or party brought an action or any part thereof, or asserted any claim or defense therein, that is without substantial justification."
§ 12-19-272, Ala. Code 1975.
 "When plain language is used in a statute, it must be interpreted to mean exactly what it says. Ex parte Madison County, 406 So.2d 398 (Ala. 1981). The plain language of § 12-19-270 states that the court must make its award of attorney's fees under the Act as part of its judgment on the merits of the case, 'in addition' to other costs assessed against a frivolous litigant. The statute does not create a new or separate cause of action to be brought after a case is litigated and given a final adjudication on its merits; rather, it indicates that the motion must be made during the pendency of the case."
Baker v. Williams Bros., Inc., 601 So.2d 110, 111-12
(Ala.Civ.App. 1992) (emphasis added).
Clearly, the ALAA does not create a cause of action; on the other hand, a claim for malicious prosecution is a separate cause of action.
 "[T]he essential elements of a cause of action for malicious prosecution are: (1) a judicial proceeding initiated by the defendant; (2) the lack of probable cause; (3) malice on the part of the defendant; (4) termination of the judicial proceeding favorably to the plaintiff; and, (5) damages."
Empiregas, Inc., of Elberta v. Feely, 524 So.2d 626, 627 (Ala. 1988).
The ALAA simply provides a tool to be used by the court to sanction parties who bring frivolous litigation. A complaint for malicious prosecution, however, is a cause of action to redress a wrong committed against a plaintiff. Because the ALAA does not create a cause of action, the fourth element of res judicata is not met, i.e., the same cause of action is not present in both actions.
Additionally, our supreme court noted the similarity between the language of the ALAA and Rule 11, Fed.R.Civ.P., and concluded that this similarity was purposeful. Pursuant to that conclusion, our supreme court held that federal cases construing Rule 11 are appropriate sources of authority for construing the ALAA. See Pacific Enterprises Oil Co. (USA) v.Howell Petroleum Corp., 614 So.2d 409, 416-18 (Ala. 1993). We are persuaded by the logic of the federal cases holding that an award or denial of sanctions pursuant to Rule 11 does not have res judicata effect on a subsequent malicious prosecution action. See Cohen v. Lupo, 927 F.2d 363 (8th Cir. 1991) (award of Rule 11 sanctions has no res judicata effect in malicious prosecution action), cert. denied, 502 U.S. 861, 112 S.Ct. 180,116 L.Ed.2d 142 (1991); Amwest Mortgage Corp. v. Grady,925 F.2d 1162, 1164-65 (9th Cir. 1991) (denial of Rule 11 sanctions has no collateral estoppel effect in subsequent action for damages based on conspiracy, malicious prosecution, libel, and intentional infliction of emotional distress.) We do not think the Alabama legislature intended that a motion pursuant to the ALAA would have res judicata effect in a subsequent malicious prosecution action.
For the foregoing reasons, the judgment is reversed and the case is remanded for further proceedings. Plus's request for costs is hereby denied.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.
ROBERTSON, P.J., and YATES and CRAWLEY, JJ., concur.
MONROE, J., concurs in the result. *Page 163