MURDOCK, Judge.
Thomas Francis Belcourt (“the husband”) appeals from a judgment of divorce and a postjudgment order awarding to Sherry Jean Belcourt (“the wife”) attorney fees under the Alabama Litigation Accountability Act, Ala.Code 1975, § 12-19-270 et seq. (“the ALAA”).
The parties were married in 1994; no children were born of the marriage. As part of an uncontested divorce, the parties entered into a written property settlement agreement (“the agreement”) that was filed with the trial court on September 2, 2003. At the time the parties entered into the agreement, the wife was represented by counsel, but the husband was not.[1]
The agreement provided, among other things, that the wife would receive the marital home in Foley, Alabama, and the husband would receive a house in Pensacola, Florida. The agreement also provided that the husband was entitled to his “personal belongings and everything in the [garage adjacent to the home in Foley].... ” The distribution of the parties’ other assets and liabilities is not relevant to this appeal, although we note that both parties waived any right to alimony or support.[2]
On October 27, 2003, the trial court entered a judgment of divorce that incorporated the terms of the parties’ agreement. *737 The husband did not oppose the judgment before its entry.
On November 21, 2003, the husband, represented by counsel, filed a motion to alter, amend, or vacate the judgment of divorce based on the wife’s alleged oral promise to make payments to the husband to compensate him for his construction of the garage adjacent to the marital home in Foley. The motion to alter, amend, or vacate alleged that the wife had never intended to compensate the husband and that, by making the alleged oral promise, she had fraudulently induced him to sign the agreement.
The wife filed a response to the husband’s motion to alter, amend, or vacate that included, among other things, a request for attorney fees under the ALAA. She also filed a “petition for rule nisi, motion for contempt and petition for restraining order” with respect to the husband’s removal of items from the garage in violation of the agreement.[3]
On February 10, 2004, the trial court heard oral testimony on the husband’s motion to alter, amend, or vacate. On February 26, 2004, the trial court entered an order denying the husband’s motion and awarding the wife attorney fees pursuant to the ALAA in the amount of $1,200.[4] The husband filed a timely appeal.
Our standard of review of a trial court’s ruling on a postjudgment motion is whether the trial court abused its discretion. Chapman v. Smith, 893 So.2d 293, 295 (Ala.2004). We also note that “ ‘[w]hen evidence is presented ore tenus in a divorce case, the judgment of the trial court is presumed to be correct....’ ” Allen v. Allen, 903 So.2d 835, 840 (Ala.Civ.App.2004) (quoting Mayer v. Mayer, 628 So.2d 744, 745 (Ala.Civ.App.1993)).
An agreement incorporated into a judgment of divorce is generally binding and will be set aside only for “‘fraud, collusion, accident, surprise or some other ground of this nature.’ ” Grantham v. Grantham, 656 So.2d 900, 901 (Ala.Civ.App.1995) (quoting Brocato v. Brocato, 332 So.2d 722, 724 (Ala.1976)). See also Allen, 903 So.2d at 841; and Wilcoxen v. Wilcoxen, 907 So.2d 447 (Ala.Civ.App.2005). The husband admits that he read the agreement, that he had the opportunity to obtain separate counsel, and that he signed the agreement voluntarily. He is therefore bound by its terms unless he can establish fraud or some other basis for setting the agreement aside.[5]
*738 The trial court expressly rejected the husband’s contention that he was fraudulently induced to sign the agreement by a promise of compensation not contained in the agreement. During the hearing, the trial court stated that the husband had read the agreement and that the husband had realized before he signed the agreement that the agreement did not provide for, as the husband alleged, $7,000 in payments to him. The trial court concluded that, by signing the agreement without reference to the alleged compensation, the husband was bound by the agreement as written.
We do not find that the trial court abused its discretion in finding that the husband was not fraudulently induced to sign the agreement and that he did not establish any valid basis for setting the agreement aside. Consequently, we affirm the denial of the husband’s motion to alter, amend, or vacate the judgment.
The husband next contends that the trial court’s award of attorney fees to the wife is due to be reversed because, he says, the trial court did not “specifically set forth the reasons for such award” as required by Ala.Code 1975, § 12-19-273. Our Supreme Court has held that
“we will require a trial court making the ‘without substantial justification’ determination [under the ALAA] to make its determination, the ground or grounds upon which it relies, and the legal or evidentiary support for its determination, a part of the record, either by drafting a separate written order or by having these findings transcribed for the official record.”
Pacific Enters. Oil Co. (USA) v. Howell Petroleum Corp., 614 So.2d 409, 418 (Ala.1993). See also Karagan v. Bryant, 541 So.2d 21 (Ala.Civ.App.1989).
The trial court’s order of February 26, 2004, did not specify the grounds upon which the trial court was relying to award the wife attorney fees; it stated only that the wife’s
“claim pursuant to the [ALAA] is due to be and hereby is GRANTED. The Petitioner [the husband] shall pay the sum of $1,200.00 to the attorney for the Respondent [the wife], Kelly A. McGriff, on or before sixty (60) days from February 10, 2004, i.e., April 10th, 2004.”
Nor did the trial court set out its reasons for awarding attorney fees on the record at the hearing.
Accordingly, we reverse the February 26, 2004, order awarding attorney fees to the wife, and we remand this cause for the entry of an order setting forth the grounds for the award of attorney fees under the ALAA or for the entry of such other order as may be consistent with this opinion.
The wife’s request for the award of an attorney fee on appeal is denied.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
CRAWLEY, P.J., and THOMPSON, PITTMAN, and BRYAN, JJ., concur.

. On September 2, 2003, the husband voluntarily visited the office of the wife’s attorney, where he reviewed the agreement, signed the agreement, and initialed each page. The husband signed a waiver of representation at the time he signed the agreement.

. Neither party has argued that the overall settlement is disproportionate or unfair.

. The agreement gave the husband 60 days after the execution of the agreement to remove his belongings from the marital home and the garage. During that period, the husband boarded up the only window to the garage and proceeded to remove not only his belongings but also fluorescent light fixtures, the pull-down stairs to the attic, part of the attic flooring, a three-ton air conditioner, electrical conduit, and similar items. The husband claimed at the hearing on his motion to alter, amend, or vacate that the agreement was ambiguous and that he was confused as to which items were his belongings and which items were fixtures that remained with the structure.

. The trial court also dismissed the wife's rule nisi and contempt petition without prejudice, apparently because that petition was either not ripe or was a matter more appropriately heard separately.

.Fraud is the only possible basis for setting aside the agreement at issue in the present case. In the husband’s motion to alter, amend, or vacate, his only asserted basis for setting aside the agreement was the wife's alleged fraudulent promise to pay him compensation. In this appeal, however, the husband focuses primarily on an ambiguity in the agreement relating to his removal of items from the garage. Even if the ambiguity argument was preserved for appeal, it is waived because the husband does not cite any authority to support his theory that the ambiguity he asserts is sufficient to set aside the agreement *738 or judgment. Rule 28(a)(10), Ala. R.App. P. See Granger v. Granger, 804 So.2d 217, 219 (Ala.Civ.App.2001) (alleged ambiguity concerning method of payment could be resolved on a motion to clarify).