THOMAS, Judge.
Carol Mahoney appeals from a judgment of the Baldwin Circuit Court awarding her $500 as an attorney fee and costs pursuant to the Alabama Litigation Accountability Act, § 12-19-270 et seq., Ala.Code 1975 (“ALAA”). We reverse and remand.
This is the third time these parties have been before this court. In Mahoney v. Loma Alta Property Owners Ass’n, 4 So.3d 1130 (Ala.Civ.App.2008) (“Mahoney /”), we set out the facts and procedural history of the case as follows:
“Loma Alta Property Owners Association, Inc. (‘LAPOA’), sued Carol Maho-ney in the Baldwin District Court, claiming breach of contract, account stated, and a property-owners-association lien on real estate occupied by Mahoney. LAPOA alleged that Ms. Mahoney was the owner of unit C-l in Loma Alta Townhomes; that Ms. Mahoney was, therefore, bound by an agreement contained within the condominium declaration for the Loma Alta subdivision to pay property-owners-association fees, assessments, and late charges; and that Ms. Mahoney had failed to pay those fees, assessments, and charges. LA-POA asserted that it was entitled to recover from Ms. Mahoney damages, including late fees, interest, costs, and an attorney fee, and to have a lien on the real estate occupied by Ms. Mahoney.
“Ms. Mahoney answered the complaint, admitted that she We[d] some money, but not the total amount claimed by [LAPOA],’ and asserted that she was entitled to a setoff because LAPOA had failed to make needed repairs on the unit. On April 11, 2006, the district court entered a judgment in favor of LAPOA in the amount of $5,390, plus costs and an attorney fee of $500. Ms. Mahoney appealed that judgment to the Baldwin Circuit Court on April 25, 2006, for a trial de novo.
“On May 19, 2006, Ms. Mahoney filed an amended answer in the circuit court, generally denying the allegations of LA-POA’s complaint and asserting, among other things, that she did not have a contract with LAPOA. In addition, Ms. Mahoney asserted a claim under the Alabama Litigation Accountability Act (‘ALAA’), § 12-19-270 et seq., Ala.Code 1975. On December 21, 2006, LAPOA amended its complaint, naming Ms. Ma-honey’s former husband, Joseph Maho-ney, as a defendant. LAPOA alleged that Mr. Mahoney was the ‘owner’ of unit C-l in Loma Alta Townhomes and that Ms. Mahoney was a ‘resident’ of the unit. LAPOA also added a claim alleg *651 ing that, by virtue of the foreclosure of its property-owners-association lien, it was entitled to have Ms. Mahoney ‘evicted’ from unit C-l.
“The circuit court conducted a bench trial on January 26, 2007, at which only one witness — Mary Garey, the secretary/treasurer of LAPOA — testified. Garey explained that the property-owners-association fees and assessments represent the unit owners’ proportionate share of the cost of maintaining and preserving the common areas of the condominium. Garey testified that Ms. Ma-honey had resided in unit C-l of the condominium since March 2000 and that she had paid some of the fees and assessments but that she had stopped paying, contending that she was entitled to set off against the balance the cost of needed repairs that LAPOA had failed to make on the unit Ms. Mahoney was occupying. Garey stated that, according to the condominium declaration, repairs to a unit are the responsibility of the individual unit owner, not LAPOA. Garey identified a document showing the past-due fees and assessments that, LA-POA claimed, were owed by Ms. Maho-ney. Garey testified that Ms. Mahoney had never returned the invoices for fees and assessments to Garey with a request that the invoices be forwarded to someone else. Nor, according to Garey, had Ms. Mahoney ever informed LA-POA that she was not the owner of the unit in which she resided. Garey testified that LAPOA, by virtue of its contract with the owner of each unit, has a lien on any unit for which there are unpaid fees and assessments. Garey said that LAPOA had foreclosed its lien on unit C-l.[1]
“On cross-examination, Garey acknowledged that the owner of each unit is solely responsible for payment of the property-owners-association fees and assessments. Garey admitted that LA-POA had no deed showing that Ms. Ma-honey was the owner of the unit in which she resided, that LAPOA had no contract with Ms. Mahoney, and that LAPOA had no document stating that someone other than the owner of the unit was responsible for payment of the fees and assessments on the unit that Ms. Mahoney occupied. On redirect examination, Garey affirmed the truth of the following inquiry by LAPOA’s counsel: ‘We’re simply asking [the circuit court] to confirm that we’ve got a judgment on this unit, whether it’s owned [by] Ms. Mahoney or whoever it is, because that unit has not paid any dues and assessments, is that right?’
“The circuit court admitted the following documentary evidence offered by LAPOA: (1) the condominium declaration for the Loma Alta subdivision; (2) a statement of fees, assessments, and late charges sent by LAPOA to Ms. Maho-ney on January 24, 2007, indicating a balance due of $6,150; and (3) a ‘Statement of Lien’ filed in the Baldwin Probate Court on October 4, 2004, naming Carol Mahoney as the owner of ‘Lot CI, Loma Alta, as recorded in Map Book II, Page 176, in the Office of the Judge of Probate, Baldwin County, Alabama.’
“At the conclusion of Garey’s testimony, LAPOA rested and Ms. Mahoney’s counsel moved for a ‘directed verdict,’[2] arguing:
“ ‘[T]here’s been no proof of ownership [by] my client, Carol Mahoney, ... or that she’s bound by any contract that they have failed to present in court showing that she’s responsible for anything....
“ ‘[LAPOA has] gone against the wrong person, and that’s why we move for a directed verdict and ask *652 for award of reasonable attorney’s fees for having to fight this.’
“The circuit court denied the motion. On April 13, 2007, the court entered a judgment in favor of LAPOA and against Ms. Mahoney in the amount of $6,279.10 and awarded LAPOA an attorney’s fee of $5,000. The court did not rule on Ms. Mahoney’s ALAA counterclaim, but we conclude that it was implicitly denied. See Harris v. Cook, 944 So.2d 977, 981 (Ala.Civ.App.2006). On the same day, the circuit court entered a default judgment for the same amount in favor of LAPOA and against Joseph Mahoney. Ms. Mahoney filed a timely notice of appeal to this court on May 15, 2007.
Mahoney I, 4 So.3d at 1131-33. In Mahoney v. Loma Alta Property Owners Ass’n, 52 So.3d 510 (Ala.Civ.App.2009) (“Mahoney II”), this court further set out the facts and procedural history of the case as follows:
“[In Mahoney /,] [t]his court reversed the judgment in favor of Loma Alta Property Owners Association, Inc. (‘LA-POA’), holding that LAPOA had wholly failed to prove that Ms. Mahoney was bound to pay the fees, assessments, and late charges claimed by LAPOA because LAPOA’s contract obligated the owner of the condominium unit to pay those charges and the evidence conclusively established that Ms. Mahoney was not the owner of the unit. This court remanded the cause to the circuit court with instructions to adjudicate Ms. Ma-honey’s ALAA claim.
“On remand, the circuit court vacated its judgment in favor of LAPOA, entered a judgment in favor of Ms. Maho-ney, and summarily denied Ms. Maho-ney’s ALAA claim on September 17, 2008. Ms. Mahoney filed a post-judgment motion on October 2, 2008, complaining that the circuit court had, ‘without evidence or testimony entered a verdict for [LAPOA] as to the ALAA claim.’ She attached to her motion a foreclosure deed executed by LAPOA’s attorney on October 10, 2006, and filed in the Baldwin Probate Court on October 16, 2006, averring that Joseph Ma-honey had been the record title owner of the subject property since May 10, 2005.
“Ms. Mahoney specifically requested a hearing on her postjudgment motion. The circuit court set the motion for a hearing on October 21, 2008. The record before us contains no transcript of the hearing. The parties agree, however, that Ms. Mahoney did not appear, that no evidence was presented, and that counsel for both parties presented oral argument to the trial court at the hearing. On October 28, 2008, the circuit court denied Ms. Mahoney’s post-judgment motion. Ms. Mahoney timely appealed on November 13, 2008.”
Mahoney II, 52 So.3d at 513-14.
In Mahoney II, we held that,
“[i]n the present case, as in Sanderson Group[, Inc. v. Smith, 809 So.2d 823 (Ala.Civ.App.2001) ], the record shows indisputably that LAPOA’s action against Ms. Mahoney was groundless in law. All four of LAPOA’s claims against Ms. Mahoney — breach of contract, account stated, property owner’s lien, and eviction — hinged upon its proving that Ms. Mahoney was the owner of the *653 property. LAPOA not only failed to prove that Ms. Mahoney was the owner, but it also presented as its only witness at the circuit-court trial someone who acknowledged ‘that LAPOA had no deed showing that Ms. Mahoney was the owner’ of the property. Mahoney [I], 4 So.3d at 1132. LAPOA had access to its own condominium declaration, which
“ ‘makes it clear that LAPOA’s remedy is strictly against the owner. As Article VII, Section 7, of the declaration, entitled “Effect of Nonpayment of Assessments: Remedies of the Association,” states: “No owner may waive or otherwise escape liability for the assessments provided for herein by non-use of the Common Area or abandonment of his lot.” ’
“Mahoney [I ], 4 So.3d at 1134. In addition, the record conclusively demonstrates that LAPOA knew, before December 21, 2006, when it amended its complaint in the circuit court, that Ms. Mahoney’s former husband, Joseph Ma-honey, was the owner of the property because LAPOA’s attorney had, on October 16, 2006, filed in the Baldwin Probate Court a foreclosure deed averring that Joseph Mahoney had been the record title owner of the subject property since May 10, 2005.”
Mahoney II, 52 So.3d at 517. We reversed the trial court’s judgment denying Mahoney’s ALAA claim and remanded the cause to the trial court to make an appropriate award pursuant to the ALAA. Id. at 517-18.
LAPOA petitioned the Aabama Supreme Court for the writ of certiorari, which that court granted. Our supreme court affirmed our conclusion that the trial court had erred in denying Mahoney’s claim for an award under the ALAA, noting that
“the determination that the claims asserted by LAPOA against Mahoney in the amended complaint were groundless results from recognition that ownership of the property was a required legal element of each claim and that, at the time LAPOA amended the complaint, LAPOA alleged that Mahoney’s former husband, and not Mahoney herself, was the owner of the property.”
Ex parte Loma Alta Prop. Owners Ass’n, 52 So.3d 518, 524 (Ala.2010).
Justice Woodall and Justice Murdock dissented from the majority opinion in Ex parte Loma Alta. Both Justice Woodall and Justice Murdock opined in their respective dissents that they would have held that the trial court did not err in determining that LAPOA’s lawsuit against Mahoney was not groundless in law or fact, vexatious, or interposed for any improper purpose; therefore, they opined, the trial court did not err in declining to award Mahoney an attorney fee and costs under the ALAA.
On remand, the trial court held a hearing, at which Mahoney presented testimony and evidence regarding the costs incurred by Mahoney as a result of LA-POA’s lawsuit, the reasonableness of those costs, and other relevant factors that would support an award under the ALAA. LAPOA presented testimony and evidence regarding the reasonableness of Mahoney’s counsel’s charges and other factors that it felt would support only a minimal award.
Following the hearing, the trial court entered an order awarding Mahoney an attorney fee of $500. The trial court stated in its judgment that its award was based on “the reasons set forth in the [Aabama] Supreme Court’s dissents and [LAPOA’s] recent submissions, [and] which is in line with the amount awarded [as an attorney fee on appeal] by the Court *654 of Civil Appeals.” Mahoney filed a post-judgment motion, which the trial court denied. Mahoney subsequently appealed to this court.
On appeal, Mahoney argues that the trial court erred because, Mahoney says, it failed to make specific findings stating the reasons for the award in its judgment and because the award was insufficient.
The ALAA requires a trial court to specifically set forth the reasons for its award and to consider certain enumerated, but nonexclusive factors. Section 12-19-273 provides:
“In determining the amount of an award of costs or attorneys’ fees, the court shall exercise its sound discretion. When granting an award of costs and attorneys’ fees, the court shall specifically set forth the reasons for such award and shall consider the following factors, among others, in determining whether to assess attorneys’ fees and costs and the amount to be assessed:
“(1) The extent to which any effort was made to determine the validity of any action, claim or defense before it was asserted;
“(2) The extent of any effort made after the commencement of an action to reduce the number of claims being asserted or to dismiss claims that have been found not to be valid;
“(3) The availability of facts to assist in determining the validity of an action, claim or defense;
“(4) The relative financial position of the parties involved;
“(5) Whether or not the action was prosecuted or defended, in whole or in part, in bad faith or for improper purpose;
“(6) Whether or not issues of fact, determinative of the validity of a parties’ claim or defense, were reasonably in conflict;
“(7) The extent to which the party prevailed with respect to the amount of and number of claims or defenses in controversy;
“(8) The extent to which any action, claim or defense was asserted by an attorney or party in a good faith attempt to establish a new theory of law in the state, which purpose was made known to the court at the time of filing;
“(9) The amount or conditions of any offer of judgment or settlement in relation to the amount or conditions of the ultimate relief granted by the court;
“(10) The extent to which a reasonable effort was made to determine prior to the time of filing of an action or claim that all parties sued or joined were proper parties owing a legally defined duty to any party or parties asserting the claim or action;
“(11) The extent of any effort made after the commencement of an action to reduce the number of parties in the action; and
“(12) The period of time available to the attorney for the party asserting any defense before such defense was interposed.”
(Emphasis added.)
In this case, the trial court did not set forth any reasons for its award relating to the 12 factors listed in § 12-19-273. A trial court’s failure to specifically set forth reasons for the amount of its award under the ALAA is reversible error. See Schweiger v. Town of Hurtsboro, 68 So.3d 181, 187 (Ala.Civ.App.2011) (reversing a trial court’s award under the ALAA and remanding the cause “for the trial court to make the necessary findings on the record or by separate order” to support its award); Belcourt v. Belcourt, 911 So.2d 735, 738 (Ala.Civ.App.2005) (revers *655 ing an award of an attorney fee under the ALAA and remanding the cause because the trial court failed to set forth its reasoning in support of its award); and Williams v. Capps Trailer Sales, Inc., 607 So.2d 1272, 1276 (Ala.Civ.App.1992) (reversing an award under the ALAA and remanding the cause for the trial court “to reconsider the amount of attorney fees ... and to issue a statement of the reasons for the amount in compliance with § 12 — 19—273”).
The trial court did state in its judgment that it had awarded Mahoney $500 “for the reasons set forth in the supreme court’s dissents,” because this had court awarded Mahoney $500 as an attorney fee on appeal in Mahoney II, and based on LAPOA’s “recent submissions.” However, none of these reasons are sufficient to support the trial court’s determination of the amount of its award under the ALAA. First, the dissents authored by Justice Woodall and Justice Murdock do not represent the view of the majority of the Alabama Supreme Court. In fact, the majority of the court expressly rejected their views. It is axiomatic that a dissent carries no precedential value or authority. Therefore, the views expressed by Justice Woodall and Justice Murdock in their dissents cannot be used by the trial court as justification for awarding Maho-ney what appears to be a nominal amount. We also remind the trial court that the facts and law as set forth by the opinions of this court in Mahoney I and Mahoney II, together with the majority opinion of the Alabama Supreme Court in Ex parte Loma Alta, represent the law of the case and that the trial court is not allowed to disregard the holdings of the appellate courts on remand.
“ ‘ “The issues decided by an appellate court become the law of the case on remand to the trial court, and the trial court is not free to reconsider those issues.” Ex parte S.T.S., 806 So.2d 336, 341 (Ala.2001) (citing Murphree v. Murphree, 600 So.2d 301 (Ala.Civ.App.1992)). Moreover, on remand, “ ‘the trial court’s duty is to comply with the appellate mandate “according to its true intent and meaning, as determined by the directions given by the reviewing court.” ’ ” Ex parte Jones, 774, So.2d 607, 608 (Ala.Civ.App.2000) (quoting Walker v. Carolina Mills Lumber Co., 441 So.2d 980, 982 (Ala.Civ.App.1983), quoting in turn Ex parte Alabama Power Co., 431 So.2d 151, 155 (Ala.1983)).’ ”
Giardina v. Giardina, 39 So.3d 204, 208 (Ala.Civ.App.2009) (quoting Brown v. Brown, 20 So.3d 139, 141 (Ala.Civ.App.2009)).
The second reason offered by the trial court in support of its judgment was this court’s award of $500 as an attorney fee on appeal in Mahoney II. This reason is also not a valid consideration in determining an award under the ALAA. Our decision to exercise our discretion to award Mahoney an attorney fee on appeal is unrelated to the factors contained in § 12-19-273 or the purposes of the ALAA. Furthermore, an award of an attorney fee on appeal by this court takes into account only a party’s expenditures for appeal, unlike an award under the ALAA, which requires consideration of the costs related to the entire legal proceeding. Moreover, unlike an award of an attorney fee on appeal, an award under the ALAA is designed as a sanction to discourage lawsuits that are groundless in law, such as this case — a legal conclusion that this court and our supreme court have previously determined. See Plus Int’l, Inc. v. Pace, 689 So.2d 160, 162 (Ala.Civ.App.1996) (“The ALAA simply provides a tool to be used by the court to sanction parties who bring frivolous litigation.”).
*656 The final reason offered by the trial court in support of its award — the recent submissions of LAPOA — lacks the specificity required by § 12-19-273. Therefore, it also is insufficient to provide justification for the amount of its award to Mahoney. See Schweiger, 68 So.3d at 185; Belcourt, 911 So.2d at 738.
Because the trial court did not make any findings in compliance with the requirements of § 12-19-273, and because the reasons listed in the trial court’s judgment are not proper factors to be considered in awarding an attorney fee and costs under the ALAA, we reverse the judgment of the trial court and remand the cause to that court for it to make a determination of an award pursuant to the ALAA.
Mahoney’s request for an attorney fee on appeal is denied.
REVERSED AND REMANDED.
THOMPSON, P.J., and PITTMAN, BRYAN, and MOORE, JJ., concur.

"1 Section 35-8-17(4), Ala.Code 1975, a part of a chapter entitled 'Condominium Ownership,’ provides that ‘[Ijiens for unpaid assessments may be foreclosed by an action brought in the name of the [property owners’] association in the same manner as a foreclosure of a mortgage on real property.’

" 2 In actions tried without a jury, the proper motion is one for a judgment on partial findings, pursuant to Rule 52(c), Ala. R. Civ. P."