Members of the Senate
State House
Montgomery, Alabama 36130
Dear Senators:
We have received Senate Resolution No. 145, by which you have requested our opinion on the constitutionality of House Bill No. 234, a bill now pending before the legislature.
Senate Resolution No. 145 reads as follows:
“BE IT RESOLVED BY THE SENATE OF THE LEGISLATURE OF ALABAMA, That we respectfully request the Honorable Chief Justice and Associate Justices of the Supreme Court, or a majority of them, to give this body their written opinion on the following important constitutional questions which have arisen concerning the pending H. 234, a copy of which is attached to this resolution and made a part hereof by reference, which pertains to the General Fund Budget for the fiscal year ending September 30, 1996.
“Projected revenue derived from motor vehicle registration fees and charges and motor fuel taxes for the next fiscal year is estimated at $47,000,000. This bill appropriates from these revenue sources approximately $37,000,000 for purposes of highway construction, maintenance or repair, traffic regulation, and public safety and enforcement of motor vehicle laws. The remainder of those revenues derived from state motor vehicle registration fees and charges and motor fuel taxes is appropriated among other agencies.
“Amendment No. 354 of the Constitution of Alabama of 1901 provides as follows:
“ ‘AMENDMENT 354
“ ‘AMENDMENT OF AMENDMENT NO. 93
“ ‘Amendment XCIII [93] to the Constitution of Alabama, as submitted November 4, 1952, and proclaimed ratified November 19, 1952, shall be amended so that said Amendment XCIII [93], shall read as follows:
“ ‘ “No moneys derived from any fees, excises, or license taxes, levied by the state, relating to registration, operation, or use of vehicles upon the public highways except a vehicle-use tax im *1390 posed in lieu of a sales tax, and no moneys derived from any fee, excises, or license taxes, levied by the state, relating to fuels used for propelling such vehicles except pump taxes, shall be expended for other than cost of administering such laws, statutory refunds and adjustments allowed therein, cost of construction, reconstruction, maintenance and repair of public highways and bridges, costs of highway rights-of-way, payment of highway obligations, the cost of traffic regulation, and the expense of enforcing state traffic and motor vehicle laws. The provisions of this amendment shall not apply to any such fees, excises, or license taxes now levied by the state for school purposes for this whole state or for any county or city board of education therein; and the legislature may provide for the manufacture, distribution and use on private passenger or pleasure motor vehicles of personalized license plates or tags, bearing some special letters, figures, mark or badge of distinction or personal prestige in lieu of the regular license plates or tags, and if it does so, the legislature must also require that such tags may be procured only by payment of a fee or charge, in addition to the regular fee, excise or license tax for the registration, operation or use of such motor vehicles upon the highways. The moneys derived from the additional charge made for such special or distinctive license plates or tags, in excess of the cost of the manufacture and distribution of such plates or tags, may be used in such manner as the legislature prescribes.” ’
“Sections 32-6-5, 40-12-270, 40-12-271, 40-12-272, and 40-12-274, Code of Alabama 1975, levy and assess fees and charges, and provide for the disposition of certain motor vehicle licensing fees in accordance with Amendment No. 854.
“The questions offered for the court’s consideration are as follow:
“(1) Does H. 234 violate any of the above cited constitutional or statutory provisions to the extent that only a portion ($37,000,000) of the projected $47,000,000 from revenue sources dedicated to the Road and Bridge Fund, public safety, and law enforcement are appropriated for those earmarked purposes?
“(2) May any portion of taxes derived from those sources enumerated in Amendment No. 354 be appropriated for purposes other than [those] specified in [amendment] 354?
“RESOLVED FURTHER, That the Secretary of the Senate is hereby directed to send nine true copies of the pending bill, H. 234, to the Clerk of the Supreme Court of Alabama, and transmit this request to the Justices of the Supreme Court forthwith upon adoption of this resolution.”
Senate Resolution No. 145 concerns H.B. 234, which contains a schedule of proposed “appropriations for the ordinary expenses of the executive, legislative and judicial agencies of the State, for other functions of government, for debt service, and for capital outlay for the fiscal year ending September 30, 1996.” More specifically, Resolution 145 concerns the constitutionality of that portion of H.B. 234 that proposes to appropriate $10,000,000 of the $47,000,000 expected to be “derived from motor vehicle registration fees and charges and motor fuel taxes for the next fiscal year” to “other agencies.” The Resolution does not identify these “other agencies.” By implication, however, we understand that those agencies are not responsible for “highway construction, maintenance or repair, traffic regulation, ... public safety [or] enforcement of motor vehicle laws.”
The description of the sources of revenue with which Resolution 145 is concerned essentially tracks the provisions of Ala. Const. 1901, amend. 354, which governs all revenue derived from specifically identified sources, namely (1) the “registration, operation, or use of vehicles upon public highways”; and (2) “fuels used for propelling such vehicles.” Subject to exceptions that are immaterial here, Amendment 354 also clearly and specifically limits the expenditure of such revenue to the “cost of administering such laws, statutory refunds and adjustments allowed therein, cost of construction, reconstruction, *1391 maintenance and repair of public highways and bridges, costs of highway rights-of-way, payment of highway obligations, the cost of traffic regulation, and the expense of enforcing state traffic and motor vehicle laws.” Thus, Amendment 354 “earmarks” revenue derived from the operation of motor vehicles on public highways for closely allied projects, such as “construction, reconstruction, maintenance and repair of public highways and bridges.”
Agencies responsible for “highway construction, maintenance or repair, traffic regulation, ... public safety and enforcement of motor vehicle laws” fall squarely within the class of recipients enumerated in Amendment 354. Having this nexus with motor vehicle operations, expenditure of the $37,-000,000 appropriated in H.B. 234 for these purposes would comply with Amendment 354. Expenditure, however, of the $10,000,-000 that H.B. 234 has appropriated for agencies without this nexus would violate the clear, specific provisions of Amendment 354.
Question 1 is somewhat unclear. It can be read to ask whether H.B. 234 violates Amendment 354 or the statutes because it does not appropriate all of the $47,000,000, or it can be read to ask whether H.B. 234 violates Amendment 354 or the statutes because it appropriates $37,000,000 “for those earmarked purposes” and appropriates the remainder for other purposes. If the former construction is adopted, we see no reason why the constitution is violated. The constitution simply states that “no moneys derived from” the stated sources “shall be expended for other than” the stated purposes. It does not state that all revenue derived from the stated sources in a given year must be appropriated for the stated purposes in that year. Presumably, any excess revenues could be held over to be appropriated for the stated purposes in a subsequent year.
However, from the context, it appears that the latter construction is the one intended. If that be the case, the first question is essentially identical to the second, and both can be paraphrased as asking whether the revenue derived from the sources described in Amendment 354 can be appropriated for any purpose other than the purposes to which Amendment 354 limits the expenditure of those revenues. The answer to this question is obviously “no.” To the extent that H.B. 234 appropriates moneys from the revenue sources described in Amendment 354 for purposes other than the purposes specified in that amendment, H.B. 234 violates Amendment 354. Thus, the answer to Question 1 would be “yes,” and the answer to Question 2 would be “no.”
Respectfully submitted,
SONNY HORNSBY Chief Justice
HUGH MADDOX
RENEAU P. ALMON
J. GORMAN HOUSTON, Jr.
KENNETH INGRAM
RALPH D. COOK Justices