*586 Members of the Senate
Alabama State House
Montgomery, Alabama 36130
Dear Senators:
We have received Senate Resolution No. 52, by which you request the opinion of the Justices as to whether Senate Bill 173 would violate certain provisions of the Constitution of Alabama of 1901.
The question posed by the resolution is as follows:
“Does S. 173 violate Amendments 93 and 354 of the Constitution of Alabama?”
The resolution states that S. 173 would, if enacted into law, “appropriate[ ] $22,509,406 from the State Road and Bridge Fund ... to the State Executive Department for fiscal year 1997-1998 for use in debt service, general obligation refunding bonds, 1992 Series A and B.”
Amendment 93, as amended by Amendment 354, reads:.
“No moneys derived from any fees, excises, or license taxes, levied by the state, relating to registration, operation, or use of vehicles upon the public highways except a vehicle-use tax imposed in lieu of a sales tax, and no moneys derived from any fee, excises, or license taxes, levied by the state, relating to fuels used for propelling such vehicles except pump taxes, shall be expended for other than cost of administering such laws, statutory refunds and adjustments allowed therein, cost of construction, reconstruction, maintenance and repair of public highways and bridges, costs of highway rights-of-way, payment of highway obligations, the cost of traffic regulation, and the expense of enforcing state traffic and motor vehicle laws. The provisions of this amendment shall not apply to any such fees, excises, or license taxes now levied by the state for school purposes for this whole state or for any county or city board of education therein; and the. legislature may provide for the manufacture, distribution and use on private passenger or pleasure motor vehicles of personalized license plates or tags, bearing some special letters, figures, mark or badge of distinction or personal prestige in lieu of the regular license plates or tags, and if it does so, the legislature must also require that such tags may be procured only by payment of a fee or charge, in addition to the regular fee, excise or license tax for the registration, operation or use of such motor vehicles upon the highways. The moneys derived from the additional charge made for such special or distinctive license plates or tags, in excess of the cost of the manufacture and' distribution of such plates or tags, may be used in such manner as the legislature prescribes.”
This Court explained the principle involved in this question in Opinion of the Justices No. 351, 665 So.2d 1389, 1391 (Ala.1995), which stated that “[t]o the extent that H.B. 234 appropriates moneys from the revenue sources described in Amendment 354 for purposes other than the purposes specified in that amendment, H.B. 234 violates Amendment 354.” The same principle applies to S. 173.
Neither S.R. 52 nor S. 173, a copy of which accompanies S.R. 52, gives this *587 Court sufficient information to determine the precise purpose of the “general obligation refunding bonds, 1992 Series A and B.” If the appropriation is for the payment of a highway obligation as specifically provided in Amendment 354, then S. 173 does not violate Amendment 93, as amended by Amendment 354, and the answer to your question is “no.” If, however, it is for the payment of a bond other than a highway obligation, then it violates Amendment 93, as amended by Amendment 354, and the answer to your question is “yes.”
Respectfully submitted,
PERRY 0. HOOPER, Sr.
Chief Justice
RENEAU P. ALMON
JANIE L. SHORES
J. GORMAN HOUSTON, Jr.
RALPH D. COOK
Associate Justices
Dear Senators:
I agree that an appropriation from the State Road and Bridge Fund for a purpose not related to the construction and maintenance of public highways and bridges would violate Amendment 93 to the Alabama Constitution of 1901, as amended by Amendment 354. I find it clear that the “general obligation refunding bonds” mentioned in pending bill S. 173 are not related to the construction and maintenance of public highways and bridges. Thus, I conclude that S. 173 would be unconstitutional.
TERRY L. BUTTS
Associate Justice