THOMAS, Judge.
 

 On July 18, 2002, LaDerle Faulk sued Reginald Rhodes, The Fletcher Moore
 
 *625
 
 Company, A.L. Trull, Rhodes Properties, LLC, and T. Graham Rhodes Properties, LLC.
 
 [1]
 
 In Faulk’s complaint, he alleged a breach-of-contract claim and a claim seeking specific performance arising out of a failed commercial-real-estate transaction. Faulk amended his complaint in August 2002 to add a claim seeking moneys allegedly owed to Faulk according to the terms of a commercial-lease agreement entered into between Rhodes and Wayne Black-mon. On September 20, 2002, Rhodes moved the trial court, pursuant to Rules 19 and 20, Ala. R. Civ. P., to add Blackmon and William Hampton d/b/a Hampton Financial as necessary parties to the action. Rhodes also claimed that he had been named as a defendant in Faulk’s lawsuit because of Blackmon’s and Hampton’s failure to pay the amounts owed to Rhodes under a commercial lease. Rhodes filed in that same motion a cross-claim against Blackmon and Hampton alleging breach of contract for their breach of the lease. The trial court granted Rhodes’s motion.
 

 In June 2008, Faulk moved the trial court, pursuant to Rule 15(b), Ala. R. Civ. P., to add R.A.R. Properties, LLC, as a defendant to the action and to add to his complaint a breach-of-contract claim against it.
 
 [2]
 
 The trial court granted Faulk’s motion.
 

 The trial court held a hearing on March 19, 2009, at which the trial court heard evidence presented ore tenus. Following the hearing, the trial court entered a judgment awarding Faulk $2,500 in damages on his breach-of-contract claim against Rhodes and R.A.R. Properties, LLC.
 
 [3]
 
 The judgment did not address Faulk’s claim against Rhodes Properties, LLC, or Rhodes’s cross-claim against Blackmon and Hampton. Faulk filed a purported postjudgment motion pursuant to Rule 59(e), Ala. R. Civ. P., which the trial court denied.
 
 [4]
 
 Faulk then appealed to this court.
 

 An appeal ordinarily lies only from a final judgment. Ala.Code 1975, § 12-22-2;
 
 Bean v. Craig,
 
 557 So.2d 1249, 1253 (Ala.1990). A judgment is generally not final unless all claims, or the rights or liabilities of all parties, have been decided.
 
 Ex parte Harris,
 
 506 So.2d 1003, 1004 (Ala.Civ.App.1987). The only exception to this rule of finality is when the trial court directs the entry of a final judgment pursuant to Rule 54(b), Ala. R. Civ. P.
 
 Bean,
 
 557 So.2d at 1253.
 
 [5]
 
 The trial court’s judgment failed to dispose of Faulk’s claims against Rhodes Properties, LLC, and
 
 *626
 
 Rhodes’s cross-claim against Blackmon and Hampton. Thus, the trial court’s judgment did not dispose of all the claims pending between all the parties.
 

 Because the judgment does not adjudicate all the claims pending between all the parties and because the record does not contain a Rule 54(b) certification, the judgment was not a final judgment that can support an appeal; therefore, we must dismiss this appeal.
 
 Tubbs v. Brandon,
 
 366 So.2d 1119, 1120 (Ala.1979).
 

 APPEAL DISMISSED.
 

 THOMPSON, P.J., and PITTMAN, BRYAN, and MOORE, JJ., concur.
 

 [1]
 

 . The trial court entered a summary judgment in favor of A.L. Trull on all Faulk’s claims. T. Graham Rhodes Properties, LLC, was dismissed from the case by agreement of tire parties. Faulk entered into a pro tanto settlement agreement with The Fletcher Moore Company, settling all Faulk’s claims against it. The claims against those defendants are not at issue on appeal.
 

 [2]
 

 . R.A.R. Properties, LLC, is wholly owned by Rhodes.
 

 [3]
 

 . At trial, Faulk orally abandoned his specific-performance claim, stating that the claim had become moot because the property in question had been foreclosed on by the mortgage holder.
 

 [4]
 

 . "[A] Rule 59 motion may be made only in reference to a final judgment or order.”
 
 Malone v. Gainey,
 
 726 So.2d 725, 725 n. 2 (Ala.Civ.App.1999).
 

 [5]
 

 . Rule 54(b) provides, in pertinent part:
 

 "When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.”