THOMAS, Judge.
In December 2009, R.J. Schweiger, acting pro se, filed a complaint against the Town of Hurtsboro and its mayor, Rayford Tapley (referred to collectively as “the Town”), seeking a declaratory judgment and an injunction based on Schweiger’s allegations that the Town had breached its fiduciary duty to its citizens by failing to have a yearly audit performed as required by Ala.Code 1975, § 11-48-85, and by using moneys derived from the gasoline tax for purposes unrelated to road maintenance. See Amendment No. 354, Ala. Const. 1901 (now Art. IV, § 111.06, Ala. Const. 1901 (Off.Reeomp.)) (stating, in part, that “no moneys derived from any fee, excises, or license taxes, levied by the state, relating to fuels used for propelling ... vehicles [upon the public highways] except pump taxes, shall be expended for other than cost of administering such laws, statutory refunds and adjustments allowed therein, cost of construction, reconstruction, maintenance and repair of public highways and bridges, costs of highway rights-of-way, payment of highway obligations, the cost of traffic regulation, and the expense of enforcing state traffic and motor vehicle laws”); see also Opinion of the Justices No. 351, 665 So.2d 1389, 1391 (Ala.1995) (concluding that “Amendment 354 ‘earmarks’ revenue derived from the operation of motor vehicles on public highways for closely allied projects, such as ‘construction, reconstruction, maintenance and repair of public highways and bridges’”); and Ala.Code 1975, § 40-17-78(3) (outlining proper use of revenue from gasoline tax when used for “highway purposes”). The Town moved to dismiss Schweiger’s complaint, requesting in that motion that the trial court assess sanctions against Schweiger because “the case is not plead in good faith and otherwise fails to rise to the level of initiating legal and/or equitable actions in the State of Alabama.” In its answer, which was filed on the same date as the motion to dismiss, the Town stated that it was seeking “court costs, defense costs and other sanctions against the plaintiff.” After a hearing on the motion to dismiss, the trial court dismissed Schweiger’s complaint, ordered Schweiger to pay costs, and ordered that the Town’s attorney fees were to become part of the costs of the action. After his post-judgment motion was denied, Schweiger appealed the trial court’s judgment ordering him to pay the Town’s attorney fees to this court; we transferred the appeal to our supreme court because we lacked jurisdiction over the appeal, and our supreme court transferred the case to this *184 court, pursuant to Ala.Code 1975, § 12-2-7(6).
Neither the Town’s pleadings nor the trial court’s judgment recites the legal basis for an imposition of attorney fees against Schweiger. “In Alabama, attorneys’ fees are recoverable only where authorized by statute, when provided in a contract, or by special equity, such as in a proceeding where the efforts of an attorney create a fund out of which fees may be paid.” Eagerton v. Williams, 433 So.2d 436, 450 (Ala.1983). However, an award of attorney fees as a sanction is authorized by the Alabama Litigation Accountability Act (“the ALAA”), codified at Ala.Code 1975, § 12-19-270 et seq.
Although the Town did not reference the ALAA in its motion to dismiss or in its answer, Schweiger treats the trial court’s imposition of attorney fees as an assessment under the ALAA. Pursuant to the ALAA, a trial court must assess attorney fees against a party who brings an action or asserts a claim or defense that is “without substantial justification.” Ala. Code 1975, § 12-19-272(a). “Without substantial justification” is defined in the ALAA as being “frivolous, groundless in fact or in law, or vexatious, or interposed for any improper purpose, including without limitation, to cause unnecessary delay or needless increase in the cost of litigation.” Ala.Code 1975, § 12-19-271(1). We agree with Schweiger that the Town’s request for attorney fees as a sanction against Schweiger because “the case is not plead in good faith and otherwise fails to rise to the level of initiating legal and/or equitable actions in the State of Alabama” is tantamount to an allegation that Schweiger’s action was initiated “without substantial justification,” as that term is defined in the ALAA. Thus, we will analyze the merits of Schweiger’s appeal under the ALAA.
Schweiger first argues that the trial court failed to make the required findings to support an assessment of attorney fees under the ALAA. Indeed, Ala.Code 1975, § 12-19-273, requires a trial court assessing attorney fees under the ALAA to “specifically set forth the reasons” underlying its decision to assess attorney fees. See also Pacific Enters. Oil Co. (USA) v. Howell Petroleum Corp., 614 So.2d 409, 418 (Ala.1993) (“Additionally, we will require a trial court making the ‘without substantial justification’ determination to make its determination, the ground or grounds upon which it relies, and the legal or evidentiary support for its determination, a part of the record, either by drafting a separate written order or by having these findings transcribed for the official record.”). The trial court’s judgment, which consists of four sentences, omits the required findings. For this reason alone, we would typically reverse the trial court’s judgment assessing attorney fees against Schweiger and remand the cause for the trial court to make the required findings on the record to support the assessment of attorney fees. See Pacific Enters. Oil Co., 614 So.2d at 419.
However, Schweiger also points out that the ALAA provides a further requirement for assessing attorney fees against a pro se litigant. Section 12-19-272(e), Ala.Code 1975, explains that
“[n]o party, except an attorney licensed to practice law in this state, who is appearing without an attorney shall be assessed attorneys’ fees unless the court finds that the party clearly knew or reasonably should have known that his action, claim or defense or any part thereof was without substantial justification.”
Alabama has yet to construe or apply this particular section of the ALAA. However, *185 we are not without guidance. In 1991, when first construing the ALAA, our supreme court relied on caselaw construing a Colorado statute similar to the ALAA. See Tidwell v. Waldrop, 583 So.2d 243, 244 (Ala.1991) (relying on Ruffing v. Lincicome, 737 P.2d 440, 441 (Colo.App.1987)).
The Colorado counterpart to § 12-19-272 of the ALAA, Colo.Rev.Stat. Ann. § 13-17-102(6), contains wording similar to that contained in our statute:
“No party who is appearing without an attorney shall be assessed attorney fees unless the court finds that the party clearly knew or reasonably should have known that his action or defense, or any part thereof, was substantially frivolous, substantially groundless, or substantially vexatious; except that this subsection (6) shall not apply to situations in which an attorney licensed to practice law in this state is appearing without an attorney, in which case, he shall be held to the standards established for attorneys elsewhere in this article.”
(Emphasis added.) A Colorado court has construed this subsection, concluding that a trial court could not assess attorney fees against a pro se litigant without making the finding required by the statute that the pro se litigant “clearly knew or reasonably should have known” that his or her claim or defense was without substantial justification. Artes-Roy v. Lyman, 833 P.2d 62, 64 (Colo.App.1992). The Artes-Roy court reversed the assessment of attorney fees because of the failure of the trial court to make the necessary finding, and it vacated the judgment assessing fees. Artes-Roy, 833 P.2d at 64. Thus, based on the similarity between Colorado’s statute and our own, we agree with Schweiger that the trial court was also required by the ALAA to make a finding that he “clearly knew or reasonably should have known” that the action he filed was without substantial justification. § 12-19-272(e).
Schweiger further argues, based on our holding in Dickerson v. Dickerson, 885 So.2d 160, 168 (Aa. Civ.App.2003), that the judgment assessing attorney fees should be vacated because the trial court failed to make the requisite findings that his action was filed without substantial justification and that he “clearly knew or reasonably should have known” that his action was without substantial justification.[1] Schweiger is correct in arguing that we did vacate the attorney-fee assessment against the mother in Dickerson instead of reversing the judgment assessing attorney fees and remanding the cause for the trial court to state its basis for the award; however, we did so after a review of the extensive history of the ongoing litigation between the mother and the father in a highly contested postminority-educational-support case, which, we determined, did not support a conclusion that the mother’s petitions and motions were filed without substantial justification. Dickerson, 885 So.2d at 168.
In contrast with the record in Dickerson, the record in the present appeal is far more sparse. The record in the present *186 appeal reflects only that Schweiger filed his action and that the Town opposed it on the basis that (1) the expenditures of which Schweiger complained did not violate Amendment 354 based on an attorney general’s opinion and (2) that the audit Schweiger demanded had been delayed because of the Town’s financial inability to pay for one. At the hearing on the Town’s motion to dismiss, the trial court entertained arguments from the Town’s counsel and Schweiger and accepted exhibits, including the attorney general’s opinion on which the Town relied, but no testimony was taken.[2] We cannot glean from the sparse record before us in this case whether Schweiger’s action was brought without substantial justification and, if it was, whether Schweiger “clearly knew or reasonably should have known” of the lack of justification for his action.
 In addition, we note that the trial court’s failure to make the requisite findings to support its assessment of attorney fees leaves this court without the ability to determine the appropriate standard of review on appeal. The standard of review of an assessment of attorney fees under the ALAA varies, depending on whether the trial court determines the action to be without substantial justification because it is “groundless in law” or because it is “groundless in fact,” “frivolous,” “vexatious,” or “interposed for an improper purpose.” Pacific Enters. Oil Co., 614 So.2d at 418. If the trial court concludes that the action is “groundless in law,” the appellate court may review that conclusion de novo because it involves a pure question of law. Id. However, a conclusion that an action is “groundless in fact,” “frivolous,” “vexatious,” or “interposed for any improper purpose” is based on factual findings the trial court must make, which findings are, naturally, reviewed on appeal under a more deferential standard. Id. Our supreme court has stated that a conclusion that an action is “groundless in fact,” “frivolous,” “vexatious,” or “interposed for any improper purpose” will be reversed on appeal only if it is “ ‘clearly erroneous, without supporting evidence, manifestly unjust, or against the great weight of the evidence.’ ” Id. (quoting Cove Creek Dev. Corp. v. APAC-Alabama, Inc., 588 So.2d 458, 461 (Ala.1991)). Likewise, because a determination whether a pro se litigant “clearly knew or reasonably should have known” of the lack of substantial justification for his or her action contains a factual component, we conclude that such a determination should be reviewed under the same standard and, therefore, may not be reversed on appeal unless that conclusion is unsupported by the evidence. See id.
Thus, based on the sparse record before us and the fact that we cannot determine the appropriate standard of review in this instance, we decline Schweiger’s request to vacate the assessment of attorney fees as *187 we did in Dickerson. Instead, as our supreme court did in Pacific Enters. Oil Co., we reverse the judgment of the trial court insofar as it assessed attorney fees against Schweiger, and we remand the cause for the trial court to determine whether Schweiger’s action was brought without substantial justification, and, if so, whether Schweiger either “clearly knew or reasonably should have known” that his action lacked substantial justification and for the trial court to make the necessary findings on the record or by separate order to support any attorney-fee assessment it may make on remand.
REVERSED AND REMANDED WITH INSTRUCTIONS.
THOMPSON, P.J., and PITTMAN, BRYAN, and MOORE, JJ., concur.

. In his brief, Schweiger states that the trial court failed to make a finding that he filed his action "intentionally without substantial justification.” Schweiger apparently equates the required finding in § 12-19-272(e) — that the trial court conclude that the pro se litigant knew or should have known that his action lacked substantial justification — with a finding of intent on the part of the pro se plaintiff. The statute does not require that the trial court conclude that the pro se litigant intended to file an action without substantial justification before an assessment of attorney fees can be made; a determination that the pro se litigant should have known of the lack of justification for his or her action will suffice to permit an assessment of attorney fees against that litigant.

. We note that the acceptance and consideration of matters outside the pleadings by the trial court could have converted the Town’s motion to dismiss to a motion for a summary judgment. See Rule 12(b), Ala. R. Civ. P. ("If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, [Ala. R. Civ. P.] and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.”); Boles v. Blackstock, 484 So.2d 1077, 1079 (Ala.1986) (reviewing a judgment entered on a motion to dismiss as a summary judgment because matters outside the pleadings had converted the motion to dismiss to a motion for a summary judgment). However, because Schweiger does not challenge the dismissal of his action on appeal, we need not determine whether the trial court entered a dismissal or a summary judgment.