On Application for Rehearing

THOMAS, Judge.
The opinion of May 18, 2012, is withdrawn, and the following is substituted therefor.
Paul Wooten is married to Joyce Wooten. Joyce is the daughter of J.G. Horton, who died in 1992. Joyce was executrix of Horton’s estate until she began suffering the effects of Alzheimer’s disease. On March 2, 2004, the probate court appointed Paul as successor executor of Horton’s estate. Paul, in his capacity as executor of Horton’s estate, executed two executor’s deeds disposing of property owned by the estate (“the Horton estate property”) on March 2, 2004. The first deed conveyed to Joyce in fee simple 166.8 acres (“the home place”) that had been owned by Horton and that had purportedly been bequeathed to Joyce in Horton’s will. The second of the executor’s deeds conveyed to Joyce a life estate in another parcel of property; the remainder was conveyed to Horton’s surviving grandchildren, Beverly Morton, June Butler, Peggy Moses, John Horton, and Joy Oliver (referred to collectively as “the grandchildren”). On March 3, 2004, the probate court discharged Paul as executor and approved the final settlement of Horton’s estate.
Meanwhile, Paul, on March 2, 2004, acting under a purported power of attorney for Joyce, conveyed the home place to his brother and sister-in-law, McCoy and Linda Wooten. Paul later conveyed the mineral rights in the home place to the Woo-tens. Paul was made Joyce’s conservator in January 2008; however, the probate court limited Paul’s rights as conservator, stating that Paul “shall not convey, transfer, mortgage, lease, or otherwise encumber any real estate owned by Joyce.” Although Paul successfully petitioned the probate court to reopen Horton’s estate and to be reappointed as executor in December 2008, the grandchildren succeeded in having that order vacated in January 2009.
In December 2008, Paul sued the grandchildren in the DeKalb Circuit Court (“the trial court”). In the caption of the complaint and in the body of the complaint, Paul described himself as suing individually, as the personal representative of Horton’s estate, and as the conservator of Joyce’s estate. The Wootens were also plaintiffs in the suit. Paul and the Woo-tens sought a judgment declaring the rights of the various parties under Horton’s will, the rights of Joyce and the *992 Wootens under the deeds executed by Paul, and the rights of the grandchildren under the executor’s deed conveying to them the remainder interest in the parcel in which Joyce held a life estate.
The parties agreed to waive a trial on the issues and instead submitted the case to the trial court on affidavits and pleadings. The trial court entered an order in July 2010, declaring that the executor’s deeds must be corrected to align with the will (most notably, to reduce the home place by 30 acres) and declaring that the deeds to the Wootens were null and void. The July 2010 order reserved jurisdiction over the attorney-fee request made by the grandchildren.
The probate court removed Paul as Joyce’s conservator in April 2010. In August 2010, Pat Tate, Joyce’s successor conservator, filed a Rule 59, Ala. R. Civ. P., motion seeking to vacate the July 2010 order. The trial court denied that motion, stating that no motion to substitute Tate as a party had been made pursuant to Rule 25(c), Ala. R. Civ. P. No appeal was taken by any party from the July 2010 order.
In October 2010, the trial court entered a “supplementary declaratory judgment” in which it again declared that the executor’s deeds must be corrected and that the deeds to the Wootens were null and void. The October 2010 order also ordered that Paul pay $10,000 toward the grandchildren’s attorney fee. No party appealed that order.
On June 20, 2011, Paul filed a Rule 60(b), Ala. R. Civ. P., motion for relief from the July 2010 and October 2010 orders (“the declaratory-judgment orders”), arguing that the orders were void because Paul had been removed as Joyce’s conservator and because Tate, as Joyce’s successor conservator, had not been made a party to the declaratory-judgment action. Furthermore, Paul argued that he had never had the authority to represent Joyce’s interests in the declaratory-judgment action because, he said, the declaratory-judgment action could “encumber” Joyce’s interest in real property, which he had been precluded from doing by the probate court’s order regarding his rights as conservator of Joyce’s estate. Paul also argued that Joyce’s interests were not adequately protected during the declaratory-judgment action because the trial court had failed to appoint a guardian ad litem for Joyce, which, Paul argued, was required by Rule 17(c), Ala. R. Civ. P. These defects, he contended, rendered the declaratory-judgment orders void.
As a result of Joyce’s failure to be adequately represented, Paul contended, the declaratory-judgment orders had “stripped” Joyce of 30 acres of property to which she was entitled under Horton’s will. Because the Rule 60(b) motion had as its goal setting aside the declaratory-judgment orders and because doing so would necessarily affect the property that was the subject of the declaratory-judgment action, Paul filed a notice of lis pendens pursuant to Ala.Code 1975, § 35^4-131, naming all the property that had been contained in Horton’s estate. The grandchildren moved to have the notice of lis pendens vacated and also sought an order requiring Paul to pay an attorney fee for their having to defend his Rule 60(b) motion, which they characterized as having been “filed without substantial justification,” as having been filed for the improper purposes of “causing ... vexatious uncertainty concerning title to land” and “causing unnecessary delay,” and as being “groundless in law and fact.” The grandchildren also moved to have Tate joined as a necessary party; Tate consented to join-der. Tate also sought vacation of the notice of lis pendens. In August 2011, the *993 grandchildren sought a contempt judgment against Paul for failing to pay the attorney fee awarded in the declaratory-judgment action; they later amended their contempt petition to seek an attorney fee for legal services rendered in attempting to enforce the attorney-fee obligation.
On September 15, 2011, the trial court entered a judgment denying Paul’s motion to set aside the declaratory-judgment orders. In addition, the trial court vacated the notice of lis pendens and substituted Tate as next friend of Joyce. The trial court taxed the costs of the action to Paul and ordered that he pay an additional $14,000 toward the grandchildren’s attorney fee because, it concluded, Paul’s Rule 60(b) motion and the lis pendens notice “constitute a continuation of [the] bad faith” that began with “Paul’s exercise of bad faith and his egregious and unacceptable conduct” before and during the underlying declaratory-judgment action. Paul appealed the trial court’s judgment to the Alabama Supreme Court, which transferred the appeal to this court, pursuant to Ala.Code 1975, § 12-2-7(6).[1]
The grandchildren have filed a motion to dismiss this appeal. In their motion, they argue that Paul lacks standing to appeal the judgment on the ground that Paul lacks standing in any representative capacity because he is no longer Joyce’s conservator, because Horton’s estate is no longer open, and because the judgment removed Paul as Joyce’s next friend. The grandchildren also challenge Paul’s standing to proceed in an individual capacity on the ground that the declaratory-judgment orders did not affect Paul’s individual rights.
Paul opposes the motion to dismiss. He first argues that he was a party to the trial court’s judgment, so, he contends, he clearly has standing to appeal that judgment.[2] He further argues that, if he lacks standing to appeal the trial court’s judgment denying his Rule 60(b) motion, he must have lacked standing to institute the underlying declaratory-judgment action, thus rendering the declaratory-judgment orders void, as he contended in his Rule 60(b) motion.
We first note that in the September 2011 Rule 60(b) order, Paul was ordered to pay $14,000 toward the grandchildren’s attorney fee. We cannot conclude *994 that any argument advanced by the grandchildren could deprive Paul of his right to appeal that portion of the trial court’s judgment. Thus, we will consider Paul’s argument regarding the award of attorney fees later in this opinion.
We are also not convinced that Paul would not have standing to appeal his removal as Joyce’s next friend; however, even if we assume, without deciding, that Paul has standing to appeal, we would affirm the trial court’s judgment on that issue. Paul’s argument on appeal regarding the trial court’s alleged error in removing him as next friend contains no citations to any relevant authority in contravention of Rule 28(a)(10), Ala. R.App. P. As a result, we decline to address Paul’s argument on appeal. See Asam v. Devereaux, 686 So.2d 1222, 1224 (Ala.Civ.App.1996) (stating that “[t]his court will address only those issues properly presented and for which supporting authority has been cited”).
However, regarding the other aspects of the trial court’s judgment, we conclude that the grandchildren are correct that Paul lacks standing to prosecute this appeal. Paul instituted the Rule 60(b) motion individually, as the executor of a now-closed estate, and as next friend of Joyce. Paul was removed as next friend because, at the time he filed his Rule 60(b) motion, Joyce already had a “duly appointed representative” who had the power to “[pjrosecute or defend actions, claims, or proceedings ... for the protection of estate assets.... ” pursuant to Ala.Code 1975, § 26-2A-152(c)(25) — her conservator, Tate. As noted above, insofar as Paul might have had standing to appeal his removal as next friend, this court has affirmed the trial court’s action on the basis that Paul did not present legal authority to support his argument that the trial court erred in doing so. Tate, who was substituted as a party to the Rule 60(b) action in place of Paul as next friend of Joyce, is the only party who would be entitled to appeal the judgment determining that the underlying declaratory-judgment orders were not void because of the failure of the trial court to appoint a guardian ad litem for Joyce once Paul was replaced as her conservator. Tate did not join in Paul’s Rule 60(b) motion and, in fact, actively opposed that motion; Tate also did not appeal from the denial of that motion.
Regarding the issue of the notice of lis pendens, we reach the same result. Paul’s Rule 60(b) motion had as its purpose to set aside the declaratory-judgment orders reforming the executor’s deeds and setting aside the deeds to the Wootens; thus, the notice of lis pendens was filed to notify any interested parties that title to those lands was being placed in dispute. Ala.Code 1975, § 85-4-131. Because the denial of Paul’s Rule 60(b) motion resulted in a failure to have the declaratory-judgment orders set aside, the notice of lis pendens would necessarily expire upon the expiration of the time for an appeal from the judgment or upon the conclusion of an appellate proceeding on the judgment. See Walden v. Hutchinson, 987 So.2d 1109, 1121 (Ala.2007) (quoting Jesse P. Evans III, Alabama Property Rights and Remedies § 5.18 (3d ed.2004)) (stating that a notice of lis pendens “ ‘continues for the duration of the litigation until it is terminated by judgment and the expiration of any appropriate period for appeal, or appellate determination, if an appeal is taken’” (emphasis omitted)). We have concluded that Paul lacked standing to appeal those aspects of the trial court’s judgment that would affect Joyce’s interests or the title to the Horton estate property. Because he lacked standing to appeal those aspects of the judgment, Paul necessarily lacks standing to complain that the trial court improperly vacated the notice of lis pendens.
*995 We now turn to Paul’s argument that the trial court improperly ordered him to pay $14,000 toward the attorney fee of the grandchildren. The grandchildren sought an award of attorney fees for defending the Rule 60(b) motion in their August 9, 2011, “Motion for Payment of Attorney Fees and for Order Vacating Notice of Lis Pendens.” The grandchildren also brought a motion seeking enforcement of the trial court’s October 2010 order regarding attorney fees and an amendment to the motion in which they sought additional attorney fees for seeking the enforcement of the trial court’s previous attorney-fee award. In his response to those motions, Paul challenged the $10,000 attorney fee imposed in the October 2010 declaratory-judgment order. However, Paul never objected to the trial court’s ability to award the grandchildren an additional attorney fee for defending the Rule 60(b) motion or for seeking enforcement of the previous attorney-fee award.
Although no party characterizes the attorney-fee award in the present case as one being made pursuant to the Alabama Litigation Accountability Act (“the ALAA”), codified at Ala.Code 1975, § 12-19-270 et seq., we note that the motion seeking the award of attorney fees uses several of the terms set forth in Ala.Code 1975, § 12-19-271, to describe the term “without substantial justification,” including “vexatious,” filed “for any improper purpose,” and “groundless in fact or law.” Thus, because we construe an allegation based on its substance and not its form or label, we conclude that the grandchildren sought an award of attorney fees pursuant to the ALAA, and we will review the award of $14,000 in attorney fees to the grandchildren as an award made pursuant to the ALAA. See Elizabeth Homes, L.L.C. v. Cato, 968 So.2d 1, 8 (Ala.2007) (“The substance of the plaintiff’s allegations control.”); see also Schweiger v. Town of Hurtsboro, 68 So.3d 181, 184 (Ala.Civ.App.2011) (construing a request for an attorney fee as one being made pursuant to the ALAA because the allegation that the plaintiffs “‘case [was] not plead [sic] in good faith and otherwise fails to rise to the level of initiating legal and/or equitable actions in the State of Alabama’ is tantamount to an allegation that [the plaintiffs] action was initiated ‘without substantial justification,’ as that term is defined in the ALAA”).
Paul argues that the trial court’s determination that the Rule 60(b) motion was filed in bad faith is not supported by the record. However, we are unable to consider Paul’s argument because of the failure of the trial court to comply with the requirements imposed upon it by the ALAA. As we explained recently in Schweiger, a trial court must set out the legal or factual support for its determination that an action, claim, or defense was filed “without substantial justification.” Schweiger, 68 So.3d at 184.
“Ala.Code 1975, § 12-19-273, requires a trial court assessing attorney fees under the ALAA to ‘specifically set forth the reasons’ underlying its decision to assess attorney fees. See also Pacific Enters. Oil Co. (USA) v. Howell Petroleum Corp., 614 So.2d 409, 418 (Ala.1993) (‘Additionally, we will require a trial court making the “without substantial justification” determination to make its determination, the ground or grounds upon which it relies, and the legal or evidentiary support for its determination, a part of the record, either by drafting a separate written order or by having these findings transcribed for the official record.’).”

Id.

The trial court’s attorney-fee award in the present case states only that the award is based on the “continuation of bad faith” exhibited by Paul in the underlying declaratory-judgment action. Contrary to the *996 express direction of our supreme court in Pacific Enterprises Oil Co. (USA) v. Howell Petroleum Corp., 614 So.2d 409, 418 (Ala.1993), and Morrow v. Gibson, 827 So.2d 756, 761 (Ala.2002) (“Pacific Enterprises does stand for the proposition that the trial court must give a basis for its ruling.”), the trial court in the present case does not recite “the legal or evidentiary support for its determination” that the Rule 60(b) motion was filed “without substantial justification” because Paul was acting in “bad faith.”[3] Schweiger, 68 So.3d at 184. Thus, the trial court’s award of attorney fees was made without the necessary findings under the ALAA, and we must reverse that award and remand the cause to the trial court for it to set out specific factual or legal support for the award in compliance with the ALAA and with our supreme court’s directive in Pacific Enterprises.
The grandchildren’s request for an attorney fee on appeal is denied.
APPLICATION OVERRULED; OPINION OF MAY 18, 2012, WITHDRAWN; OPINION SUBSTITUTED; APPEAL DISMISSED IN PART; JUDGMENT AFFIRMED IN PART AND REVERSED IN PART; AND CAUSE REMANDED WITH INSTRUCTIONS.
PITTMAN, BRYAN, and MOORE, JJ., concur.
THOMPSON, P.J., concurs in the result, without writing.

. Because the trial court's judgment did not address the grandchildren's contempt claim insofar as it related to Paul's failure to pay the attorney-fee award imposed in the October 2010 declaratory-judgment order, we remanded the cause to the trial court for it to resolve the outstanding contempt claim in order to render the judgment final. See, e.g., Lunceford v. Monumental Life Ins. Co., 641 So.2d 244, 246 (Ala.1994) (explaining that a final judgment must adjudicate all the claims and determine the rights and liabilities of all parties); Kelley v. U.S.A. Oil Corp., 363 So.2d 758, 759-60 (Ala.1978) ("To support an appeal, the order appealed from must be a final judgment.”); and Faulk v. Rhodes, 43 So.3d 624, 625 (Ala.Civ.App.2010) ("A judgment is generally not final unless all claims, or the rights or liabilities of all parties, have been decided.”). The trial court and the parties have notified this court that they considered the contempt claim to be resolved by a separate garnishment proceeding through which the attorney-fee award was paid. Thus, we conclude that the grandchildren no longer seek a contempt finding against Paul and therefore that the judgment is final.

. Paul does not specifically argue that he has standing by virtue of his status as the former executor of Horton's estate. Because Paul was discharged as executor by the probate court, he does not have the ability to act on behalf of Horton’s estate. Humphrey v. Boschung, 47 Ala.App. 310, 315, 253 So.2d 760, 765 (Civ.1970) (stating that "after discharge [of an executor] no further authority to act on behalf of the estate exists”). Accordingly, we will not further consider whether Paul has standing as the former executor of Horton's estate.

. Because the trial court indicated that it had concluded that Paul’s bad faith in filing the Rule 60(b) motion was a continuation of the bad faith he had exhibited in the underlying declaratory-judgment action, we also reviewed the judgment awarding attorney fees in the underlying declaratory-judgment action. That award also yields no specific legal or factual basis for the trial court's conclusion that Paul’s declaratory-judgment action had been filed in bad faith.